Edna Kaye DAVIS, Appellant,

v.

The STATE of Texas, Appellee.

No. 1212–89.

Court of Criminal Appeals of Texas, En Banc.

Jan. 12, 1994.

Richard Alley, Fort Worth, for appellant.

Tim Curry, Dist. Atty., C. Chris Marshall and David K. Chapman, Asst. Dist. Attys., Fort Worth, Robert Huttash, State's Atty., Austin, for State.

## OPINION ON APPELLANT'S AND STATE'S PETITIONS FOR DISCRETIONARY REVIEW

McCORMICK, Presiding Judge.

Appellant pled nolo contendere to the charge of aggravated possession of amphetamine. The trial court accepted appellant's plea, found her guilty of the offense, and imposed a seven-year sentence recommended by the prosecutor and agreed to by appellant. See Article 1.15, V.A.C.C.P. Pursuant to Tex.R.App.Pro. 40(b)(1), appellant filed a "general" notice of appeal from her conviction.[1]

The Court of Appeals addressed, among other things, these issues: (1) whether the trial court erroneously denied appellant's pretrial motion to suppress the evidence, and (2) whether the evidence was sufficient to support her conviction. Davis v. State, 773 S.W.2d 404 (Tex.App.—Fort Worth 1989). The Court of Appeals held appellant waived the issue of whether the trial court errone-

---

1. Appellant's notice of appeal stated:
"COMES NOW the Defendant in the above entitled and numbered cause and hereby gives notice to the Court of her intention to appeal the judgment of the Court to the Texas Court of appeals, Second Supreme Judicial District."

ously denied appellant's suppression motion, because her "general" notice of appeal failed to comply with the "extra-notice" requirements of Rule 40(b)(1). *Davis*, 773 S.W.2d at 408. Relying on *Engelking v. State*, 750 S.W.2d 213 (Tex.Cr.App.1988), the Court of Appeals also held the evidence insufficient to support appellant's conviction. *Davis*, 773 S.W.2d at 407–08. The State and appellant filed petitions for discretionary review.[2] We reverse the judgment of the Court of Appeals.

The State claims appellant's "general" notice of appeal failed to confer jurisdiction on the Court of Appeals to address appellant's sufficiency of the evidence claim. In relevant part, Rule 40(b)(1) provides:

"[Notice of Appeal] shall be sufficient if it shows the desire of the defendant to appeal from the judgment or other appealable order; *but if the judgment was rendered upon his plea of guilty or nolo contendere pursuant to Article 1.15, Code of Criminal Procedure, and the punishment assessed does not exceed the punishment recommended by the prosecutor and agreed to by the defendant and his attorney, in order to prosecute an appeal for a nonjurisdictional defect or error that occurred prior to entry of the plea the notice shall state that the trial court granted permission to appeal or shall specify that those matters were raised by written motion and ruled on before trial.*" (Emphasis Supplied).

The Court of Appeals held the "but" clause of Rule 40(b)(1) only applies where a defendant appeals nonjurisdictional defects or errors that occurred *prior* to entry of the plea. *Davis*, 773 S.W.2d at 406 (emphasis in original). Since sufficiency of the evidence is a nonjurisdictional defect occurring *after* entry of the plea, the Court of Appeals held the "but" clause of Rule 40(b)(1) does not apply to appellant's sufficiency claim, and appellant's "general" notice of appeal was sufficient for the Court of Appeals to review this claim. *Davis*, 773 S.W.2d at 406 (emphasis supplied).

The State, in effect, claims this interpretation of Rule 40(b)(1) impermissibly gives a defendant a greater scope of appeal than the Legislature intended. We agree.

"A defendant in any criminal action has the right of appeal under the rules hereinafter prescribed." Article 44.02, V.A.C.C.P., as enacted in 1925; former Article 813, C.C.P. 1925; see generally *Lemmons v. State*, 818 S.W.2d 58, 59–63 (Tex.Cr.App.1991). In 1977, the Legislature added the following proviso to Article 44.02:[3]

".... *provided, however, before the defendant [who has been convicted based on a negotiated plea and the trial court assesses punishment recommended by the prosecutor and agreed to by the defendant and his attorney] may prosecute his appeal, he must have permission of the trial court, except on those matters which have been raised by written motion filed prior to trial....*" (Emphasis Supplied).

By order dated December 18, 1985, this Court repealed the proviso of Article 44.02, and replaced it with Rule 40(b)(1), effective

---

2. We granted review on the following issues raised by appellant:
 1. Whether the Court of Appeals erred in failing to address the motion to suppress issue.
 2. Whether the Court of Appeals erred in failing to permit appellant to file an amended notice of appeal after the Court of Appeals' decision that appellant had failed to preserve the motion to suppress issue for appellate review.
 3. Whether appellant's counsel was ineffective for failing to preserve the motion to suppress issue for appeal.
 4. Whether appellant's plea was involuntary due to the Court of Appeals' decision that it could not address the motion to suppress issue. We also granted review on the following issues raised by the State:

1. Whether Rule 40(b)(1) permits an appeal on the sufficiency of the evidence for a negotiated plea of nolo contendere where the issue was not raised prior to trial and the trial court did not grant permission to appeal that issue.
2. If Rule 40(b)(1) does permit such an appeal, whether that rule is void under Section 22.-108(a) of the Texas Government Code.
3. Whether there was sufficient evidence for appellant's plea.
4. Whether *Engelking v. State* is applicable to the sufficiency issue in this case.

3. See Acts 1977, 65th Leg., p. 940, ch. 351, § 1, eff. August 29, 1977.

September 1, 1986.[4] See generally *Lemmons*, 818 S.W.2d at 62. In delegating authority to this Court to promulgate a comprehensive body of appellate rules in criminal cases, the Legislature expressly provided that these rules could not abridge, enlarge or modify the substantive rights of a litigant.[5] See generally *Lemmons*, 818 S.W.2d at 59–63.

██ A defendant's legislatively granted right of appeal is a substantive right. See *Lemmons*, 818 S.W.2d at 62; *Morris v. State*, 749 S.W.2d 772, 774 (Tex.Cr.App.1986). In *Morris*, the defendant's notice of appeal limited his appeal to the trial court's adverse ruling on his pretrial motion to quash the indictment; however, the only issue the defendant raised on appeal was the sufficiency of the evidence "to support the plea of guilty (sic)." *Morris*, 749 S.W.2d at 773. We held the defendant had no right to appeal the sufficiency of the evidence to support a plea-bargained conviction under the proviso to Article 44.02 unless the defendant obtained the trial court's permission or raised the issue by written motion filed prior to trial, which he failed to do; therefore, the Court of Appeals lacked jurisdiction over the appeal. See *Morris*, 749 S.W.2d at 774–75. In promulgating Rule 40(b)(1), this Court acted on the assumption "that the body of caselaw construing the proviso [to Article 44.02] would prevail and still control." *Lemmons*, 818 S.W.2d at 62. Therefore, we hold appellant's "general" notice of appeal under Rule 40(b)(1) failed to confer jurisdiction on the Court of Appeals to review appellant's sufficiency claim. See *Morris*, 749 S.W.2d at 774–75.

A plain reading of Rule 40(b)(1) supports this holding, and does not enlarge a defendant's substantive right of appeal. The relevant portions of Rule 40(b)(1) should be read as follows:

"... in order to prosecute an appeal for a (1) nonjurisdictional defect [occurring before or after the plea], or (2) error that occurred prior to entry of the plea, the notice shall state that the trial court granted permission to appeal or shall specify that those matters were raised by written motion and ruled on before trial...."

Reading the phrase "that occurred prior to entry of the plea" as modifying only "error" makes Rule 40(b)(1) consistent with *Morris*. See *Lemmons*, 818 S.W.2d at 62 (prior caselaw construing the proviso of Article 44.02 prevails and still controls). Moreover, reading Rule 40(b)(1) this way also makes it consistent with the admonishment in Article 26.13(a)(3), V.A.C.C.P.,[6] that a trial court is required to give a defendant prior to accepting a guilty or nolo contendere plea.

We sustain the State's first and second grounds for review. We find it unnecessary to address the State's third and fourth grounds for review.

Appellant claims the Court of Appeals erred in failing to address the trial court's ruling on her pretrial suppression motion. The statement of facts from the plea proceeding reflects appellant pled nolo contendere with the understanding, and the trial court's permission, that she would be able to appeal the trial court's ruling on her suppression motion. However, appellant filed only a "general" notice of appeal.

██ A "general" notice of appeal is insufficient to confer jurisdiction on a Court of Appeals to review a trial court's ruling on a pretrial suppression motion in an appeal from a conviction based on a negotiated plea bargain. See *Jones v. State*, 796 S.W.2d 183 (Tex.Cr.App.1990); *Morris*, 749 S.W.2d at

---

4. See Act of August 26, 1985, 69th Leg., ch. 685, §§ 1–4, 1985 Tex.Gen.Laws 2472–2475 (authorizing this Court to promulgate rules of procedure and evidence in criminal cases).

5. See Act of August 26, 1985, 69th Leg., ch. 685, § 1, 1985 Tex.Gen.Laws 2472. See also Tex. Gov't Code Ann. § 22.108(a) (Vernon 1988).

6. Article 26.13(a)(3) requires a trial court to admonish a defendant of:

"the fact that if the punishment assessed does not exceed the punishment recommended by the prosecutor and agreed to by the defendant and his attorney, the trial court must give its permission to the defendant before he may prosecute an appeal *on any matter in the case* except for those matters raised by written motions prior to trial." (Emphasis Supplied).

774–75. Moreover, this record contains no "Order Limiting Defendant's Appeal" reciting the extra-notice requirements of Rule 40(b)(1), or any other document which combined with appellant's notice of appeal substantially complies with Rule 40(b)(1), that would confer jurisdiction on the Court of Appeals to address appellant's suppression issue. See *Riley v. State*, 825 S.W.2d 699, 700–01 (Tex.Cr.App.1992). We overrule appellant's first ground for review.

■ Appellant also claims the Court of Appeals erred in refusing to permit her to file an amended notice of appeal after the Court of Appeals had handed down its opinion. A defendant may not be permitted to amend a notice of appeal out of time. See *Jones*, 796 S.W.2d at 187. We overrule appellant's second ground for review.

■ Finally, appellant raises the following issues: (1) whether the failure of her trial counsel to file a legally sufficient notice of appeal was ineffective assistance of counsel which denied her a meaningful right of appellate review, and (2) whether her plea was involuntary since it was contingent upon her being able to appeal the motion to suppress issue. While we granted appellant's petition on these issues, we now note that appellant did not raise and argue either of these issues in her brief in the Court of Appeals, and that court consequently did not address them. We previously have held that this Court cannot review issues which have not first been properly presented to and ruled on by the Court of Appeals. See *Ward v. State*, 829 S.W.2d 787, 795–96 (Tex.Cr.App.1992); *Tallant v. State*, 742 S.W.2d 292, 294 (Tex.Cr.App.1987).[7] Based on these authorities, we will not address appellant's third and fourth grounds for review, and we dismiss those grounds as improvidently granted.[8]

■ We hold appellant's "general" notice of appeal failed to confer jurisdiction on the Court of Appeals to address the trial court's ruling on appellant's suppression motion, and the sufficiency of the evidence to support her conviction. Since appellant raised no jurisdictional issues in the Court of Appeals, we reverse the judgment of the Court of Appeals and order the appeal dismissed for lack of jurisdiction. See *Morris*, 749 S.W.2d at 775; *Davis*, 773 S.W.2d at 406–08.

MEYERS, J., not participating.

CLINTON, Judge, dissenting.

The majority today holds that the court of appeals had no jurisdiction to consider either appellant's claim of insufficient evidence or whether the trial court erroneously denied her pretrial motion to suppress. In my dissent to *Lyon v. State*, 872 S.W.2d 732 (Tex. Cr.App.1994) (Clinton, J., dissenting), I point out that the Texas Constitution, and not this Court, grants jurisdiction to the courts of appeals, and that claims of insufficient evidence fall outside the ambit of Tex.R.App. Pro., Rule 40(b)(1). Not raised in *Lyon*, but briefed and argued in the instant cause, is the question of whether a court of appeals may permit an appellant to file an amended notice of appeal in order to meet the requirements of the "but clause" of Rule 40(b)(1). The majority cites *Jones v. State*, 796 S.W.2d 183 (Tex.Cr.App.1990) as authority for the proposition that "[a] defendant may not be permitted to amend a notice of appeal out of time." Op. at 47. *Jones* was a bare majority

---

7. Appellant cites *Christal v. State*, 692 S.W.2d 656 (Tex.Cr.App.1981), for the proposition that this Court has previously overturned a defendant's guilty plea where the defendant entered the plea with the mistaken belief that he would be able to appeal a certain legal issue after entry of the plea. It is true that in *Christal* we overturned a plea in such circumstances, which are substantially identical to the circumstances of this case. *Christal*, however, is *procedurally* distinguishable from this case in that the defendant in *Christal* properly raised the voluntariness issue in a *direct appeal* to this Court. In this case, appellant raised her voluntariness issue in this Court in a petition for discretionary review after having failed to obtain a ruling on the issue in the Court of Appeals.

8. The record shows appellant claimed in her motion for rehearing in the Court of Appeals that trial counsel's failure to file a legally sufficient notice of appeal deprived her of her right to a meaningful appellate review. Appellant concedes in her petition, however, that the Court of Appeals denied that motion without an opinion. This type of ruling by the Court of Appeals is not a ruling we review on a petition for discretionary review. *Rochelle v. State*, 791 S.W.2d 121, 123–25 (Tex.Cr.App.1990).

opinion which does, indeed, stand for that proposition. Because I believe that *Jones* was wrongly decided, and that it should be overruled, I dissent.

There is no need here to rehash my argument in *Lyon* that the courts of appeals' jurisdiction is plenary once invoked. However, as I also noted in *Lyon:*

> "That a court is vested with appellate jurisdiction ... does authorize it to exercise appellate power. Rule 40(b)(1), while not a jurisdictional limitation, may serve as a procedural bar to certain issues in certain circumstances. Which issues? 'Non-jurisdictional defect(s) or error(s) that occurred prior to entry of the plea.' Rule 40(b)(1), supra. Which circumstances? Causes in which proper, timely notice has not been given, i.e., notice which does not state 'that the trial court granted permission to appeal or [which] specif(ies) that those matters were raised by written motion and ruled on before trial.' *Id.*"

*Lyon,* at 742 (Clinton, J., dissenting).

Such an issue and such a circumstance are presented by this cause. While appellant complains of an error that occurred before the entry of her plea, she did not give notice that states the alleged error was raised by written motion prior to trial. Thus her complaint is procedurally barred by operation of the "but clause" of Rule 40(b)(1).

Appellant argues, however, that she should have been given the opportunity to amend her defective notice of appeal. I agree.

In *Jones,* as noted *ante,* this Court held that, while Rule 40(b)(1) is not jurisdictional, it is a restrictive statute not subject to Tex. R.App.Pro., Rule 83. *Jones,* 796 S.W.2d at 186–87. The defendant in *Jones* had failed

to give the specific notice required by the "but clause" of Rule 40(b)(1). *Id.,* at 185. The court of appeals heard his complaint nonetheless, finding that "appellant promptly filed an amended notice of appeal fully complying with Rule 40 after the State pointed out this procedural default in its brief." *Jones v. State,* 762 S.W.2d 330 (Tex.App.— Austin 1988). Citing to Rule 83, the court held that "appellant promptly corrected the defect in procedure after it was called to his attention. The appeal is properly before this Court." *Id.*

We reversed, despite precedent supporting the court of appeals' holding. *Jones,* 796 S.W.2d at 187. We discounted our decision in *Miles v. State,* 842 S.W.2d 278 (Tex.Cr. App.1989) (appeal bond sufficient notice of appeal under Rule 40(b)(1)), as dicta. *Id.* And we distinguished the United States Supreme Court's decision in *Evitts v. Lucey,* 469 U.S. 387, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985), as inapplicable. *Id. Miles* was, indeed, dicta,[1] but the Court's distinction of *Evitts* was specious.

The *Jones* Court wrote:

> "Appellant argues [that *Evitts* ] is authority for us sanctioning the Court of Appeals' decision to waive the defect in his notice of appeal. We find *Evitts* to be distinguishable. In *Evitts,* the defendant filed a timely written notice of appeal, but failed to file a 'Statement of Appeal', which is designed to assist the Court of Appeals in processing the records of an appeal. In *Evitts,* the [Supreme] Court specifically points out that compliance with that rule 'is not jurisdictional.' *Evitts, supra,* [469 U.S. at 389, 105 S.Ct.] at 832. In the instant case, compliance with Rule 40(b)(1) is necessary for a defendant to avoid statutory restrictions on his right to appeal."

---

1. The court of appeals in *Miles,* as did the court of appeals in *Jones,* granted an appellant the opportunity to amend a notice of appeal that did not comply with the requirements of the "but clause" of Rule 40(b)(1). *Miles,* 842 S.W.2d at 279. The State then petitioned this Court to review that decision by the court of appeals. We dismissed the State's petition, holding that it was improperly attempting the appeal of an interlocutory order. *Id.* In doing so, we observed in a footnote:

> "The record in this cause reflects appellant filed an appeal bond with the trial court on

April 6, 1989. The bond is in writing and shows the desire of appellant to appeal from the judgment of the trial court. We find the bond is sufficient to constitute a notice of appeal under Tex.R.App.Pro. 40(b)(1)."

*Id.,* at 279 n. 1.

Because we dismissed on other grounds, the footnote was not necessary to the resolution of the case. However, I find it hard to imagine "stronger" dicta than our flat statement of the law in that footnote.

*Jones,* 796 S.W.2d at 187. I am at a loss to see to see how this in any meaningful way distinguished *Evitts.* It was not distinguished by the fact that the appellate rule in question in *Evitts* was "not jurisdictional," whereas our rule is a "statutory restriction." Only a page earlier in *Jones* we held that compliance with Rule 40(b)(1) was "not ... jurisdiction[al]." *Id.,* at 186. Nor is Rule 40(b)(1) distinguished by the fact that the rule in *Evitts* was "designed to assist the Court of Appeals in processing the records on appeal."[2] It is not on the basis of *Evitts,* however, that I would revisit *Jones. Evitts,* in fact, may not be controlling.[3] I would instead acknowledge that *Jones* was a poorly reasoned opinion in which this Court ignored the plain meaning of its own appellate rules.

It is for deficiencies of this sort that Tex. R.App.Pro., Rule 83 was intended. Rule 83 provides:

**2.** As this unanimous Court noted in *Lemmons,* "[o]ne function of these rules is to provide timely advance notice to the appellate court that an appeal has been perfected, enabling it to anticipate it prospective felony caseload for internal planning purposes." *Lemmons,* 818 S.W.2d at 63.

**3.** While the *Jones* Court failed to distinguish *Evitts* factually, *Evitts* is distinguishable by its posture on appeal. *Jones* was heard by this Court on appellant's petition for discretionary review from a direct appeal. *Jones,* 796 S.W.2d at 184. *Evitts* was heard by the United State's Supreme Court on a state's petition from a federal district court order granting habeas corpus relief. *Evitts,* 469 U.S. at 391, 105 S.Ct. at 833, 83 L.Ed.2d at 826. In *Evitts,* the Supreme Court held that "the procedures used in deciding appeals must comport with the demands of Due Process." *Id.* at 393, 105 S.Ct. at 834, 83 L.Ed.2d at 827. And it found that the Kentucky courts' refusal to hear a defendant's appeal on procedural grounds failed to live up to that standard. *Id.* at 397, 105 S.Ct. at 837, 83 L.Ed.2d at 831. In doing so, however, the Supreme Court noted:

"[T]he Commonwealth of Kentucky itself in other contexts has permitted a post-conviction attack on the trial judgment as 'the appropriate remedy for frustrated right of appeal,' *Hammershoy v. Commonwealth,* 398 S.W.2d 883 (1966); this is but one of several solutions that state and federal courts have permitted in similar cases."

*Id.* at 399, 105 S.Ct. at 838, 83 L.Ed.2d at 832 (footnote omitted).

That, of course, is the system we have in Texas. See *Rodarte v. State,* 840 S.W.2d 781, 785 n. 4

"A judgment shall not be affirmed or reversed or an appeal dismissed for defects or irregularities, in appellate procedure, either of form or substance, without allowing a reasonable time to correct or amend such defects or irregularities."

Furthermore, Tex.R.App.Pro., Rule 2(b) provides that "in the interest of expediting a decision or for other good cause shown, a court of appeals or the Court of Criminal Appeals may suspend requirements and provisions of any rule in a particular case."

Nowhere in either today's majority opinion, or in *Jones,* does this Court offer a reason *why* Rule 83 does not apply to cases such as the one *sub judice.* Today, the majority simply asserts that "[a] defendant may not be permitted to amend a notice of appeal out of time. See *Jones,* 796 S.W.2d at 187." In *Jones,* the Court merely distinguished *Miles* and *Evitts,* and then wrote:

(Tex.App.—San Antonio 1992) ("The appropriate vehicle for seeking an out-of-time appeal from a final felony conviction is by writ of habeas corpus pursuant to article 11.07 of the Code of Criminal Procedure."). And it is a system used with some frequency. On November 17, 1993, for example, this Court handed down ten unpublished decisions. Of those, three granted out-of-time appeals to habeas applicants alleging ineffective assistance of counsel on appeal. See *Ex parte Pursche,* No. 71,767 (Tex.Cr.App. delivered Nov. 17, 1993) (unpublished); *Ex parte Magee,* No. 71,770 (Tex.Cr.App. delivered Nov. 17, 1993) (unpublished); *Ex parte Rodarte,* No. 71,772 (Tex.Cr.App. delivered Nov. 17, 1993) (unpublished); see also *Ex parte Axel,* 757 S.W.2d 369 (Tex.Cr.App.1988).

Of course, just because a certain procedure is appropriate in a constitutional sense does not mean it is the best procedure, or even fair. The appellant below has been sentenced to prison, and the court of appeals has refused to even review her claim that the evidence used against her was obtained in violation of law. It did so because appellant's lawyer did not include in her written, timely notice of appeal a statement that is clearly indicated by the record on appeal, *viz*: that she complains of the trial court's error in ruling on her written pre-trial motion. It is simply not efficient to say to a criminal defendant, "Sorry, your lawyer did not use the magic words. Come back here as an applicant for habeas corpus relief; you have a good argument for ineffective assistance of counsel on appeal and you may obtain an out-of-time appeal. By the way, you are not entitled to state-appointed counsel in a habeas proceeding, so make sure *you* use the right words when you come back."

"We hold that the Court of Appeals in the instant case should not have entertained appellant's appeal of nonjurisdictional matter. Tex.R.App.P. Rule 83 does not cure this defect."

*Id.* Both opinions, on this issue, are bereft of analysis. See *id*, at 187–90 (Teague, J., dissenting). These rules, taken together on the plain face of their language, should permit the court of appeals to hear this appellant's complaint. Perhaps this is inadvisable. Perhaps rules 2(b) and 83—given their elevation of substance over procedure—do not rightly belong in our rules. I hardly think so, of course. But if that were so, then this Court should amend the rules, not interpret them out of existence.[4]

At least one court of appeals has noted the discrepancy between the rules we promulgate and the decisions by which we interpret them. In *Moreno v. State*, 866 S.W.2d 660 (Tex.App.—Houston [1st Dist.], 1993), the First Court of Appeals faced a situation similar to the cause *sub judice*. There, the defendant was appealing from a plea of guilty, complaining that the trial court erred in overruling his motion to suppress. The defendant had failed, however, to file a notice of appeal that comported with the requirements of the "but clause" of Rule 40(b)(1). Citing to *Jones*, supra, the court of appeals found that "[t]he language of rule 40(b)(1) is 'unequivocally mandatory.'" *Moreno*, 866 S.W.2d at 661. The court thus refused to consider the defendant's complaint on its merits.

It did so reluctantly, however. Chief Justice Oliver–Parrott, in an opinion joined by Justices Mirabal, Wilson and Hedges, asked us to use our rule-making authority to "abolish the requirement in rule 40(b)(1) that a notice of appeal state that the trial court granted permission to appeal or specify 'that those matters were raised by written motion and ruled on before trial.'" *Moreno*, 866 S.W.2d at 662 (Oliver–Parrot, C.J., concurring). The Chief Justice opined that the "but clause" of Rule 40(b)(1) "serves no useful purpose." *Id.* Justice Duggan, in a separate concurring opinion, correctly noted the purpose underlying the "but clause", *viz* : "to provide the appellate court with a concise statement of the basis on which appellate jurisdiction is invoked." He asked us to "permit reasonable out-of-time amendment of the notice of appeal under Tex.R.App.Pro. 83." *Moreno*, 866 S.W.2d at 663 (Duggan, J., concurring). And in a dissenting opinion, Justice Cohen opined that the court of appeals was free to follow its own lead in construing the requirements of Rule 40(b)(1), given this Court's propensity for saying one thing one day and another thing the next. *Moreno*, 866 S.W.2d at 663 (Cohen, J., dissenting).

I sympathize with Justice Cohen's dissent. See the discussion of *Miles* and *Evitts*, supra. And if he is correct that Rule 40(b)(1) is not serving the purpose noted by Justice Duggan,[5] perhaps it should be written out of our appellate rules. However, as noted *ante*, this is not the proper forum for such a revision. The concerns expressed by the court of appeals in *Moreno*—that appellants are being

4. The majority has not been content with ignoring rules 83 and 2(b). In its haste, both in the instant case and in *Davis*, supra, to bar the appellants therein from complaining of the sufficiency of the evidence used against them, the majority judicially rewrites Rule 40(b)(1) as well. Faced with plain language adverse to its holding, the majority expediently changes the words.

Tex.R.App.Pro. 40(b)(1) provides:
"[I]n order to prosecute an appeal for a nonjurisdictional defect or error that occurred prior to entry of the plea the notice shall state that the trial court granted permission to appeal or shall specify that those matters were raised by written motion and ruled on before trial."

The majority finds that "[a] plain reading of Rule 40(b)(1) supports [its] holding" and, in the next breath, opines that "[t]he relevant portions of Rule 40(b)(1) *should be read* as follows:
"….in order to prosecute an appeal for a *(1)* nonjurisdictional defect *[occurring before or after the plea]*, or *(2)* error that occurred prior to entry of the plea, the notice shall state that the trial court granted permission to appeal or shall specify that those matters were raised by written motion and ruled on before trial."
Op. at 46 (emphasis added).

5. Justice Cohen writes, "In the almost seven years since the requirement was enacted, I have never seen the presence or absence of this information on a notice of appeal used for any purpose, except to dismiss an appeal." *Moreno*, 866 S.W.2d at 664 (Cohen, J., dissenting).

needlessly subjected to the "death penalty" of dismissal for a trivial sin of omission—can be adequately met by our rules as written. We need only revisit *Jones* and allow appellants to amend defective notices of appeal pursuant to both Rule 83 and Rule 2(b).

Because the majority ignores the plain language of our own appellate rules, and because it does so without any apparent reason (other than to deny the appeal of a defendant without reaching the merits of that appeal), I dissent.

OVERSTREET, Judge, dissenting.

Today, the majority interprets Tex. R.App.P. 40(b)(1) [hereinafter Rule 40(b)(1) ] [1] to erect a barrier to a defendant's right to appeal a nonjurisdictional defect or error (in this case sufficiency of the evidence to support the trial court's judgment) arising from entry of a plea of guilty or nolo contendere pursuant to Article 1.15, Texas Code of Criminal Procedure [hereinafter Art. 1.15].[2] I read the majority's opinion as holding that the interpretation of Rule 40(b)(1) by the Court of Appeals impermissibly enlarges an appellant's substantive right to appeal a conviction in a negotiated plea bargained case. Op. at 45. I disagree with the majority and agree with the Court of Appeals.

I agree that a general notice of appeal [3] from a conviction based on a negotiated plea bargain is insufficient to confer jurisdiction on a Court of Appeals to review a trial court's ruling on pretrial motions. I also agree that a general notice of appeal is insufficient to raise a nonjurisdictional defect or error that occurs *prior* to the entry of the plea.[4] I disagree that a general notice of appeal is insufficient to raise a nonjurisdictional defect or error that occurs *after* the entry of the plea and thereby deny jurisdiction to a Court of Appeals to review an appellant's claim in a plea bargained case.

This case simply involves jurisdiction. The ultimate issue is how a defendant may invoke the jurisdiction of a Court of Appeals to consider alleged errors that occurred after the entry of a plea wherein the defendant stands convicted pursuant to a plea bargain agreement.

## I.

### *Appellate Jurisdiction*

In the case of an appeal, jurisdiction concerns the power or authority of an appellate court to decide an appeal. *Johnson v. State,* 747 S.W.2d 568 (Tex.App.—Houston [14th Dist.] 1988, no pet.). Once jurisdiction is invoked the exercise of its reviewing function is limited by its own discretion or by a valid statute. *Carter v. State,* 656 S.W.2d 468, 459 (Tex.Cr.App.1983). The right of a defendant to appeal a conviction in a plea bargained case is governed by Rule 40(b)(1).

Prior to 1977, a defendant in any criminal action had a statutory right to appeal. Tex. Code Crim.Proc.Ann. art. 44.02.[5] In 1977,

1. Rule 40(b)(1) provides in relevant part:
[Notice of appeal] shall be sufficient if it shows the desire of the defendant to appeal from the judgment or other appealable order; but if the judgment was rendered upon his plea of guilty or nolo contendere pursuant to Article 1.15, Code of Criminal Procedure, and the punishment assessed does not exceed the punishment recommended by the prosecutor and agreed to by the defendant and his attorney, in order to prosecute an appeal for a nonjurisdictional defect or error that occurred prior to entry of the plea the notice shall state that the trial court granted permission to appeal or shall specify that those matters were raised by written motion and ruled on before trial.

2. Art. 1.15 provides in part:
No person can be convicted of a felony except upon the verdict of a jury duly rendered and recorded, unless the defendant, upon entering a plea, has in open court in person waived his right of trial by jury in writing in accordance with Articles 1.13 and 1.14; provided, however, that it shall be necessary for the state to introduce evidence into the record showing the guilt of the defendant and said evidence shall be accepted by the court as the basis for its judgment and in no event shall a person charged be convicted upon his plea without sufficient evidence to support the same.

3. See Op. at 45.

4. All emphases are mine unless otherwise indicated.

5. Art. 44.02 provided:
A defendant in any criminal action has the right of appeal under the rules hereinafter prescribed.

the legislature amended Article 44.02.[6] In *Morris v. State,* 749 S.W.2d 772 (Tex.Cr.App. 1986), this court held that Article 44.02 was a valid restrictive statute, limiting jurisdiction of the Court of Appeals to "those matters which have been raised by written motion filed prior to trial or those matters that the trial court granted permission to appeal." *Id.* at 774. The Court of Appeals correctly noted and I now emphasize, *Morris* is a pre-rule case.

Article 44.02 has been repealed in part and replaced by Rule 40(b)(1). Under Rule 40(b)(1), to invoke the jurisdiction of a Court of Appeals to review a nonjurisdictional defect or error which occurred *prior* to entry of a plea, a defendant in a plea bargained case has to show: (1) a timely written notice of appeal filed with the clerk of the trial court; and (2) the notice of appeal must state either (a) that the trial court granted permission to appeal, or (b) specify that those matters were raised by written motion and ruled on before trial. Thus, appellate jurisdiction is invoked and appeal is perfected by giving notice of appeal pursuant to Article 44.08, V.A.C.C.P. (now Tex.R.App.Pro.Rule 40(b)(1)). *Lemmons v. State,* 818 S.W.2d 58 (Tex.Cr.App. 1991) (citing *Carter v. State,* 656 S.W.2d 468, 469 (Tex.Cr.App.1983)).

## II.

### *Article 1.15*

Rule 40(b)(1) governs how to perfect appeal in a criminal case. Rule 40(b)(1) details how to perfect a notice of appeal in the case of a conviction arising from a negotiated plea bargained, and specifically implicates and embraces Art. 1.15. Among the requirements of Art. 1.15 is that evidence has to be presented that is sufficient to establish the guilt of the accused and support the judgment. *See supra* note 2. This Court surely must recognize and accept that sufficiency of

evidence is always an issue that arises *after* entry of the plea. In *Ex parte Williams,* 703 S.W.2d 674, 678 (Tex.Cr.App.1986), this Court found that sufficient evidence was necessary under Art. 1.15 and that the evidence is received to support the judgment, not to accept the plea of guilty or nolo contendere. *Thornton v. State,* 601 S.W.2d 340, 347 (Tex. Cr.App.1980) (opinion on rehearing), *overruled on other grounds, Bender v. State,* 758 S.W.2d 278 (Tex.Cr.App.1988). This Court also said in denying habeas relief in *Williams, supra* at 678, "While the sufficiency of the evidence to support a judgment of conviction under Article 1.15, supra, and its requirements *may be challenged on appeal,* such conviction may not be subject to challenge on collateral attack by habeas corpus."

The Court of Appeals correctly interpreted the prerequisites that must be met under Rule 40(b)(1) to appeal (1) a nonjurisdictional defect or error that occurs *prior* to entry of the plea, and (2) pre-trial rulings. I maintain that they also correctly interpreted that there are no prerequisites to be met other than a timely notice of appeal to appeal nonjurisdictional defects or errors that occur after *entry* of the plea such as sufficiency of the evidence. *Davis v. State,* 773 S.W.2d 404, 406 (Tex.App.—Fort Worth 1989, pet. granted).

I remain convinced that the Court of Appeals' interpretation of Rule 40(b)(1) is not an expansion of a defendant's right to appeal from what was allowed under Article 44.02 because a defendant has always under Art. 1.15 been able to compel the State to present sufficient evidence to support the judgment. If one can compel compliance, one ought to be able to complain about non-compliance. Article 1.15 and Article 44.02 have always appeared to be in conflict—a conflict which the legislature failed to address, even though compliance with both was mandatory. The

---

**6.** Acts 1977, 65th Leg. p. 940, ch. 351, § 1, eff. August 29, 1977. *As amended Art. 44.02 provides:*

A defendant in any criminal action has the right of appeal under the rules hereinafter prescribed, provided, however, before the defendant who has been convicted upon either his *plea of guilty* or plea of nolo contendere before the court and the court, upon the election of

the defendant, assesses punishment and the punishment does not exceed the punishment recommended by the prosecutor and agreed to by the defendant and his attorney may prosecute his appeal, he must have permission of the trial court, except on those matters which have been raised by written motion filed prior to trial. This article in no way affects appeals pursuant to Article 44.17 of this chapter.

authors of Rule 40(b)(1) recognized the conflict and correctly drafted Rule 40(b)(1) to require compliance with Art. 1.15. Unfortunately, the majority finds it appropriate to rewrite Rule 40(b)(1) in an opinion. Op. at 46. It is my belief that an opinion is designed to dispose of matters by interpreting applicable laws and/or rules. It is not an appropriate forum to rewrite a rule.

The majority, relying heavily on *Morris, supra,* reasons that the Court of Appeals misinterpreted the "but" clause of Rule 40(b)(1). Under the majority's reasoning, our opinion in *Morris* forecloses review of the sufficiency of evidence unless the defendant obtains the trial court's permission or raises the issue pretrial. Such reasoning is flawed. The majority fails to recognize that *Morris* is a pre-Rule 40(b)(1) case and that the appellant failed to argue Art. 1.15. Therefore, their reliance on *Morris* is misplaced. The majority also fails to recognize that the State under Art. 1.15 has always been required to present evidence sufficient to support the trial court's judgment.

The Court of Appeals in this case correctly noted that Rule 40(b)(1) alleviated any confusion between its predecessor and Art. 1.15 by making explicit reference to Art. 1.15 and held that there are no prerequisites (other than filing a timely notice of appeal) to appeal nonjurisdictional defects or errors that occur after *entry* of the plea.

### III.

#### *Conclusion*

For the reasons hereinbefore stated, I would affirm the decision of the Court of Appeals. Because the majority decides otherwise, I dissent.

BAIRD, J., joins.

