**Harrell Dane PENNY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 05–92–01890–CR, 05–92–01891–CR.**

Court of Appeals of Texas,
Dallas.

April 6, 1994.

---

John H. Hagler, Dallas, for appellant.

April E. Smith, Dallas, for appellee.

## OPINION

BAKER, Justice.

Harrell Dane Penny appeals his convictions for aggravated robbery and theft of property worth $750 or more but less than $20,000. Following plea bargain agreements, appellant pleaded guilty to the offenses alleged in the indictments. In the aggravated robbery, appellant pleaded true to the two enhancement paragraphs.

A Dallas County magistrate made findings and recommendations. The district court adopted the magistrate's recommendations. The trial court found appellant guilty of both offenses. The court assessed a ten-year sentence and a $300 fine in the theft. In the aggravated robbery, the court assessed a twenty-five year sentence and ordered restitution of $1,700. The trial court found that appellant used or exhibited a deadly weapon during the commission of the aggravated robbery.

Appellant claims the magistrate did not properly admonish him. He claims the magistrate did not admonish him on the range of punishment for theft. He claims that the magistrate did not admonish him in either case about deportation. Appellant contends the trial court erred because it did not conduct an evidentiary hearing on appellant's

motion for new trial. We affirm the trial court's judgments.

## FAILURE TO ADMONISH

### A. Facts

The magistrate did not give an oral admonishment about the range of punishment in the theft case. The magistrate did give an oral admonishment about the range of punishment in the aggravated robbery case.

The record in each case contains written admonishments. The admonishment form included admonishments about the range of punishment and deportation. The magistrate signed the admonishments. Below the magistrate's signature is the following:

> I have read the above and foregoing admonitions by the Court regarding my rights. I understand the admonition, and I understand and am aware of the consequences of my plea. Furthermore, my lawyer has explained to me all of the admonitions given by the court in this document.

Both appellant and his counsel signed the acknowledgment.

In both cases the record has defendant's printed form notice of appeal entitled "Defendant's Notice of Appeal, Proof of Indigency, Designation of Record & Appearance of Counsel." The form is a general notice of appeal from the conviction in each case. Neither form indicates that appellant has the trial judge's permission to appeal nor do they show the appeal is from a matter raised by written motion and ruled on before trial.

### B. Applicable law

The rules of appellate procedure provide that if a party appeals from a guilty or nolo contendere plea under article 1.15 of the code of criminal procedure, and the trial court assesses the punishment agreed upon, the appellant must state in the notice of appeal that the trial court granted permission to appeal or that he raised the matter by a pretrial motion and the trial court ruled on the motion before trial. This requirement applies only to an appeal based upon a nonjurisdictional defect or error that occurred be-fore the entry of the plea. *See* Tex.R.App.P. 40(b)(1).

Recently, our court of criminal appeals held that rule 40(b)(1) requires a defendant in an appeal from a plea bargain conviction to get the trial court's permission to appeal any matter in the case except those matters raised by written motion and ruled on before trial. *See Davis v. State,* 870 S.W.2d 43, 45–46 (Tex.Crim.App.1994); *see also Lyon v. State,* 872 S.W.2d 732, 735–36 (Tex.Crim.App. 1994). A general notice of appeal does not confer jurisdiction on a court of appeals to consider nonjurisdictional defects that occur before or after the entry of a plea or trial error that occurs before or after the entry of the plea. *Davis,* 870 S.W.2d at 45–46; *Lyon,* at 735–36. A defendant's notice of appeal must comply with the provisions of rule 40(b)(1) to confer jurisdiction on a court of appeals to consider a nonjurisdictional defect or error. *Davis,* 870 S.W.2d at 45–46; *Lyon,* 735–36; *Morris v. State,* 749 S.W.2d 772, 774–75 (Tex.Crim.App.1986).

■ A general notice of appeal confers jurisdiction on a court of appeals to consider only jurisdictional issues. *Davis,* 870 S.W.2d at 45–46, 6; *Lyon,* at 735–36; *Morris,* 749 S.W.2d at 774–75. Because it conflicts with *Davis* and *Lyon,* we overrule *Walker v. State,* insofar as it holds we have jurisdiction to review any alleged error that affects the validity of a guilty plea, whether or not it implicates voluntariness. *Walker v. State,* 843 S.W.2d 716, 717 (Tex.App.—Dallas 1992, pet. ref'd).

### C. Analysis of Appellant's Points

■ A claim that a trial court did not give proper admonishments is a claim of trial error before entry of a plea. Under *Davis,* *Lyon,* and *Morris,* this Court does not have jurisdiction to consider a point of error of this nature. *See Davis,* 870 S.W.2d at 45–46; *Lyon,* at 735–36; *Morris,* 749 S.W.2d at 774–75. We dismiss appellant's first two points of error for lack of jurisdiction.

## MOTION FOR NEW TRIAL HEARING

In his third point of error, appellant claims the trial court erred because the court did

not hold an evidentiary hearing on his motion for new trial.

## A. Applicable Law

■ The grant or denial of a motion for new trial is a matter entirely within the trial court's discretion. *State v. Gonzalez*, 855 S.W.2d 692, 694 (Tex.Crim.App.1993); *Appleman v. State*, 531 S.W.2d 806, 810 (Tex.Crim. App.1975). We do not set aside the trial court's denial of a new trial absent a clear showing of abuse of discretion. *Appleman*, 531 S.W.2d at 810.

■ The right to a hearing on a motion for new trial is not an absolute right. *Reyes v. State*, 849 S.W.2d 812, 815 (Tex.Crim.App. 1993). Appellant's motion for new trial or affidavit supporting it must show that reasonable grounds exist for granting a new trial. *Reyes*, 849 S.W.2d at 816; *McIntire v. State*, 698 S.W.2d 652, 658 (Tex.Crim.App. 1985). If the trial court can determine from the record the issues raised in the motion for new trial, the trial court need not hold a hearing. *Reyes*, 849 S.W.2d at 816.

■ To secure a hearing on a claim extrinsic to the record, as a matter of pleading, a defendant must support the motion for new trial by his affidavit or the affidavit of another specifically showing the truth of the claim. *Hicks v. State*, 75 Tex.Crim. 461, 171 S.W. 755, 763 (1914). As a matter of pleading and as a prerequisite to a hearing, the affidavit must show that reasonable grounds exist for believing the truth of the claim asserted. *Reyes*, 849 S.W.2d at 816; *McIntire*, 698 S.W.2d at 658. Additionally, to secure a hearing, a defendant must timely present the motion for new trial to the trial court. TEX.R.APP.P. 31(c)(1); *Green v. State*, 754 S.W.2d 687, 687 (Tex.Crim.App.1988); *Owens v. State*, 832 S.W.2d 109, 111 (Tex. App.—Dallas 1992, no pet.).

### B. Application of Law to the Facts

■ Appellant argues that because he raised issues not determinable from the record, the trial court should have held an evidentiary hearing on his motion for new trial. We disagree. First, there is nothing in the record to show appellant timely presented his motion for new trial to the trial court. The proposed order does not set a date for a hearing. There is no notation showing appellant presented the motion to the trial court. *Green*, 754 S.W.2d at 687; *Owens*, 832 S.W.2d at 111. Second, appellant's sworn motion contains only conjectural and speculative assertions. Appellant alleged no facts from which the trial court could determine the truth of his grounds of attack. *Reyes*, 849 S.W.2d at 816; *McIntire*, 698 S.W.2d at 658.

We conclude that the trial court did not abuse its discretion in failing to hold an evidentiary hearing on appellant's motion for new trial. We overrule appellant's third point of error.

We affirm the trial court's judgments.