**Jesus Antonio DURAN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05–91–01731–CR.**

Court of Appeals of Texas,
Dallas.

June 30, 1994.

Lawrence Mitchell, Dallas, for appellant.

Michael J. Sandlin, Dallas, for appellee.

Before LAGARDE, BURNETT, and MALONEY, JJ.

**OPINION**

LAGARDE, Justice.

Jesus Antonio Duran pleaded guilty to the charge of aggravated assault and true to the enhancement paragraph. The trial court accepted appellant's pleas of guilty and true and, pursuant to a plea bargain, sentenced appellant to ten years' imprisonment and a $500 fine.

Appellant's attorney filed a brief concluding that the appeal is wholly frivolous and without merit. The brief meets the require-

ments of *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). The brief presents a professional evaluation of the record showing why, in effect, there are no arguable grounds to advance. *See High v. State,* 573 S.W.2d 807 (Tex.Crim.App. [Panel Op.] 1978). Counsel delivered a copy of the brief to appellant. We advised appellant he has a right to file a pro se brief. Appellant did not file a pro se brief.

We have reviewed the record and counsel's brief. Rule 40(b)(1) of the rules of appellate procedure requires a defendant in an appeal from a plea bargain conviction to obtain the trial court's permission to appeal any matter in the case except for those matters raised by written motion and ruled on before trial. TEX.R.APP.P. 40(b)(1); *Lyon v. State,* 872 S.W.2d 732, 736 (Tex.Crim.App.1994), *cert. denied,* —— U.S. ——, 114 S.Ct. 2684, 129 L.Ed.2d 816 (1994); *Davis v. State,* 870 S.W.2d 43, 46 (Tex.Crim.App.1994); *Penny v. State,* 880 S.W.2d 59, 61 (Tex.App.—Dallas, 1994, no pet.) (en banc).

A general notice of appeal does not confer jurisdiction on a court of appeals to consider nonjurisdictional defects or errors that occur before or after the entry of a negotiated plea. *Lyon,* 872 S.W.2d at 736; *Davis,* 870 S.W.2d at 46; *Penny,* 880 S.W.2d at 61. A defendant's notice of appeal must comply with rule 40(b)(1) to confer jurisdiction on a court of appeals to consider nonjurisdictional defects or trial errors. *Lyon,* 872 S.W.2d at 736; *Penny,* 880 S.W.2d at 61. A general notice of appeal confers jurisdiction on a court of appeals to consider only jurisdictional issues. *Lyon,* 872 S.W.2d at 736; *Penny,* 880 S.W.2d at 61.

In this case, appellant filed a general notice of appeal. The notice does not indicate that appellant obtained the trial court's permission to appeal, nor does it show the appeal is from a matter raised by written motion and ruled on before trial. Therefore, this Court may consider only jurisdictional issues. *Lyon,* 872 S.W.2d at 736; *Penny,* 880 S.W.2d at 61. After a careful review of the record, we find no jurisdictional error.

We dismiss this appeal for want of jurisdiction. *Davis,* 870 S.W.2d at 47; *Wolfe v.*

*State,* 878 S.W.2d 645, 646 (Tex.App.—Dallas, 1994, no pet. h.).