TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-95-00380-CR

Carl Leonard Skiff, Appellant

v.

The State of Texas, Appellee

FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 51ST JUDICIAL DISTRICT

NO. A-94-0036-S, HONORABLE JOHN E. SUTTON, JUDGE PRESIDING

PER CURIAM

 Appellant pleaded guilty to possessing less than twenty-eight grams of heroin. 
Controlled Substances Act, 71st Leg., R.S., ch. 678, sec. 1, § 481.115, 1989 Tex. Gen. Laws
2230, 2936 (Tex. Health & Safety Code Ann. § 481.115, since amended). Appellant also pleaded
true to an enhancement paragraph alleging a previous felony conviction for possession of
marihuana. The district court adjudged appellant guilty and assessed punishment, pursuant to a
plea bargain agreement, at imprisonment for twenty years.

 In his sole point of error, appellant contends the district court erred by overruling
his pretrial motion to be punished under the terms of the Texas Health and Safety Code as
amended effective September 1, 1994. We do not have jurisdiction to consider this point because
appellant's notice of appeal does not contain the recital required by the "but clause" of rule
40(b)(1). Davis v. State, 870 S.W.2d 43, 46 (Tex. Crim. App. 1994); Tex. R. App. P. 40(b)(1).

 The appeal is dismissed.

Before Justices Powers, Aboussie and Kidd

Dismissed for Want of Jurisdiction

Filed: January 31, 1996

Do Not Publish