**Dismissed, Order issued October 30, 1996**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-92-02063-CR

**LEWIS BIVINS, Appellant**

V.

**THE STATE OF TEXAS, Appellee**

## OPINION AND ORDER

Before Chief Justice Thomas and Justices Maloney and Hankinson

Lewis Bivins appeals his conviction for unauthorized use of a motor vehicle. As part of a plea bargain agreement, appellant pleaded nolo contendere and was placed on ten years probation on December 20, 1990.[1] Subsequently, the State moved to revoke appellant's probation. Again, as part of a plea bargain agreement, appellant pleaded true to the allegations in the State's motion, and the trial court sentenced him to ten years in prison on August 14, 1992. Appellant timely perfect his appeal.

---

[1] Specifically, the agreement provided that appellant would be sentenced to ten years in prison but would be allowed to participate in the Special Alternative Incarceration Program. About three months after sentence was imposed, the trial court ordered appellant placed on probation for ten years.

The State filed a motion to dismiss the appeal on the ground that this Court does not have jurisdiction because appellant filed only a general notice of appeal. In his brief, filed by retained counsel Ross Teter, appellant concedes this Court has no jurisdiction pursuant to rule 40(b)(1) of the Texas Rules of Appellate Procedure and asserts no points of error.

Rule 40(b)(1) provides:

> [I]f the judgment was rendered upon [an appellant's] plea of guilty or nolo contendere pursuant to Article 1.15, Code of Criminal Procedure, and the punishment assessed does not exceed the punishment recommended by the prosecutor and agreed to by the defendant and his attorney, in order to prosecute an appeal for a nonjurisdictional defect or error that occurred prior to entry of the plea the notice shall state that the trial court granted permission to appeal or shall specify that those matters were raised by written motion and ruled on before trial.

TEX. R. APP. P. 40(b)(1). A general notice of appeal does not confer jurisdiction upon this Court to consider nonjurisdictional issues. *Lyon v. State*, 872 S.W.2d 732, 736 (Tex. Crim. App.), *cert. denied*, 114. S. Ct. 2684 (1994).

In this case, appellant entered his plea of true to the State's motion to revoke probation pursuant to a negotiated plea bargain. The punishment assessed by the trial court did not exceed that agreed to by appellant and his attorney and recommended by the State. Further, appellant filed only a general notice of appeal.

According to appellant's brief, appellant was admonished in writing and by the Court in substantial compliance with article 26.13 of the code of criminal procedure. Additionally, the brief asserts that the record does not reflect that the plea was involuntary. Appellant has brought no points of error raising jurisdictional defects. Because appellant filed a

general notice of appeal, this Court does not have jurisdiction over this appeal.

Accordingly, we **GRANT** the State's March 7, 1995 motion to dismiss appeal for want of jurisdiction.

We **DISMISS** the appeal for want of jurisdiction.

LINDA THOMAS
CHIEF JUSTICE

Do Not Publish
Tex. R. App. P. 90

-3-

NO. 05-92-02063-CR

| LEWIS BIVINS | S | IN THE COURT OF APPEALS |
|---|---|---|
| VS. | S | FOR THE FIFTH DISTRICT |
| THE STATE OF TEXAS | S | OF TEXAS AT DALLAS |

FILED IN
~~COURT OF APPEALS~~

MAR - 7 1995

MELANIE KELTON
CLERK

ON APPEAL FROM THE
265TH JUDICIAL DISTRICT COURT
OF DALLAS COUNTY TEXAS
IN CAUSE NO. F90-53996-PR

## STATE'S MOTION TO DISMISS APPEAL FOR WANT OF JURISDICTION FILED IN RESPONSE TO APPELLANT'S BRIEF

**TO THE HONORABLE JUDGES OF SAID COURT:**

COMES NOW the State of Texas, by and through the Criminal District Attorney of Dallas County, Texas, and files this motion to dismiss the appeal for want of jurisdiction. In support of this motion, the State would show the Court the following:

I.

Appellant was convicted of unauthorized use of a motor vehicle and sentenced to 10 years confinement in the Texas Department of Criminal Justice, Institutional Division, pursuant to the terms of a plea bargain agreement. The judgment was dated December 20, 1990. (R.I-11-12). On April 8, 1991, the sentence was suspended and Appellant was placed on 10 years probation. (R.I-13). On August 14, 1992, the court revoked Appellant's probation and sentenced him to 10 years' confinement in the Texas

Department of Criminal Justice, Institutional Division, pursuant to a plea bargain agreement. (R.I-19, 21-22).

## II.

The State is asking this Court to dismiss the appeal for lack of jurisdiction. This case involves a plea of nolo contendere by Defendant in a trial before the court wherein the punishment assessed by the court did not exceed the punishment recommended by the prosecution and agreed to by Defendant and his attorney. (R.I-9, 11).[1] TEX. R. APP. P. 40(b)(1) provides that in such a case, in order to pursue an appeal, Defendant must state in his notice of appeal that he had permission of the court to appeal or that he is appealing those matters raised by written motion filed prior to trial. The notice of appeal filed by Defendant in this case does not contain any of these required statements. (R.I-26-27).

## III.

The State calls this Court's attention to the recent decisions by the Court of Criminal Appeals in Lyon v. State, 872 S.W.2d 732,736 (Tex. Crim. App. 1994) and Davis v. State, 870 S.W.2d 43,46 (Tex. Crim. App. 1994), wherein the Court held that a general notice of appeal in an appeal from a negotiated plea is not sufficient to confer jurisdiction on an appellate court. This holding applies to nonjurisdictional defects which occur both before and after the plea. Davis, 870 S.W.2d at 736. This holding

---

[1] No citation has been made to the Statement of Facts due to its unavailability.

applies even to negotiated pleas in cases where the defendant entered the plea with the understanding that he would be able to appeal a pretrial motion; a general notice of appeal in such a case is insufficient to confer jurisdiction on an appellate court. Id. Moreover, an appellate court may not permit a defendant to amend a notice of appeal out of time. Id. at 737.

IV.

The State respectfully urges this Court to apply the rulings in Lyon and Davis to its own decision in the instant case. Defendant's notice of appeal is deficient and cannot now be timely amended to meet the requirements of Rule 40(b)(1). In the absence of an adequate notice of appeal, this Court is without jurisdiction to entertain the appeal.

V.

Appellant has filed a brief wherein he admits that his notice of appeal does not comply with Rule 40(b)(1) and that Lyon and Davis apply. Appellant is therefore in agreement with the State's position and, consequently, his appeal should be dismissed for want of jurisdiction.

VI.

WHEREFORE, PREMISES CONSIDERED, the State respectfully requests this Court to dismiss Defendant's appeal for want of

jurisdiction because Defendant has not properly perfected his appeal in accordance with TEX. R. APP. P. 40(b)(1).

Respectfully submitted,

By: _Lisa L. Braxton_
LISA L. BRAXTON
ASSISTANT DISTRICT ATTORNEY
STATE BAR NO. 00787131
FRANK CROWLEY COURTS BUILDING
LOCK BOX 19
DALLAS, TEXAS 75207-4399
(214) 653-3624

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing motion to dismiss has been served on Ross Teter, Attorney for Appellant, 311 N. Stemmons Freeway, Suite 100, Dallas, Texas 75207-4397, by depositing same in the United States Mail, Postage Prepaid, on this the 7th day of March, 1995.

_Lisa L. Braxton_
LISA L. BRAXTON

llb

4

# IN THE
# COURT OF APPEALS
# FIFTH DISTRICT OF TEXAS
# AT DALLAS, TEXAS

FILED IN
COURT OF APPEALS

FEB 2 2 1995

MELANIE KELION
CLERK

| | | |
|---|---|---|
| **LEWIS HORACE BIVINS** | § | |
| | § | |
| **VS.** | § | **NO. 05-92-02063-CR** |
| | § | |
| **THE STATE OF TEXAS** | § | |

**Appeal From
265th Judicial District Court (Dallas)
Judge KEITH DEAN
Trial Cause No. F90-53996-R**

# APPELLANT'S BRIEF ON APPEAL

Submitted by:

ROSS TETER
Texas Bar No. 19811000
311 N. Stemmons Freeway, Suite 100
Dallas, Texas 75207-4397
Telephone: (214) 744-0400
Fax: (214) 748-7461

*Counsel for Appellant
(On Appeal Only)*

# LIST OF PARTIES

**LEWIS HORACE BIVINS** (Appellant)
D.O.B. 625310
TDCJ Beto I Unit
Tennessee Colony, TX 75880

**JOHN VANCE, District Attorney**
Frank Crowley Courts Building
133 N. Industrial Blvd.
Dallas, Texas 75207

# TABLE OF CONTENTS

List of Parties . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
Table of Authorities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
No Request for Oral Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
Case in Brief . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
Indictment . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
No Pre-Trial Motion(s) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
Plea Bargain . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
Arraignment & Admonishment . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
State's Evidence . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
Judgment & Sentence . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
Motion to Revoke Probation . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
Plea Bargain . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
Judgment Revoking Probation . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
No Permission to Appeal . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
No Motion for New Trial . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
Notice of Appeal . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
Statement of Appellate Jurisdiction . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

> THE COURT OF APPEALS DOES NOT HAVE JURISDICTION TO CONSIDER THIS APPEAL. APPELLANT WAS CONVICTED OF A FELONY OFFENSE AND PUNISHED IN ACCORDANCE WITH A PLEA BARGAIN AGREEMENT. THE NOTICE OF APPEAL DOES NOT STATE THAT APPELLANT IS APPEALING FROM AN ADVERSE RULING TO A PRE-TRIAL MOTION OR THAT THE TRIAL JUDGE GRANTED PERMISSION FOR AN APPEAL AS REQUIRED BY *RULE 40(b)(1), TEX. R. APP. P.*

Prayer . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
Certificate of Service . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

# TABLE OF AUTHORITIES

*Curlin v. State,* 881 SW2d 513 ................................................ 5

*Davis v. State,* 870 SW2d 43 ................................................ 5

*Duran v. State,* 881SW2d 86 ................................................ 5

*Fowler v. State,* 874 SW2d 112 ................................................ 5

*Lyon v. State,* 872 SW2d 732, ___ US ___, 114 SCt 2684, 129 LE2d 816 .............. 5

*Penny v. State,* 880 SW2d 59 ................................................ 5

*Wolfe v. State,* 878 SW2d 645 ................................................ 5


*Rule 40(b)(1), Texas Rules of Appellate Procedure* ........................... 5

# APPELLANT'S BRIEF ON APPEAL

## TO THE HONORABLE JUSTICES:

LEWIS HORACE BIVINS, Appellant files and presents this brief on appeal.

### 1. No Request for Oral Argument

Appellant's counsel does not request oral argument.

### 2. Case in Brief

| | |
|---|---|
| Offense | Unauthorized Use of Vehicle |
| Pre-Trial Motion(s) | None |
| Plea to Indictment | Guilty (Plea Bargain) |
| Judgment | Guilty as charged |
| Sentence | 10 Years Probation & $300 Fine |
| Motion to Revoke Probation | Plea of True (Plea Bargain) |
| Date of Sentence | August 14, 1992 |
| Motion for New Trial | None |
| Permission to Appeal | None |
| Notice of Appeal | August 31, 1992 |

### 3. Indictment

Appellant did not challenge the sufficiency of the indictment and it is not fundamentally defective.

### 4. No Pre-Trial Motion(s)

Appellant did not file and obtain adverse an adverse ruling to any pre-trial motion.

### 5. Plea Bargain

Appellant entered into a plea bargain agreement with the State which provided that in exchange for Appellant's plea of guilty the State would recommend the probated sentence and fine that was assessed by the Court. The Court accepted and approved the plea bargain agreement and assessed the punishment agreed upon by Appellant, Appellant's counsel and counsel for the State.

### 6. Arraignment & Admonishment

Appellant waived arraignment and entered a plea of guilty. Appellant was admonished in writing and by the Court in substantial compliance with *Article 26.13, CCP.*

## 7. State's Evidence

The evidence presented by the State was sufficient to establish guilt as required by *Article 1.15, C.C.P.*

## 8. Judgment & Sentence

The judgment and sentence convict Appellant of the offense charged in the indictment and impose a sentence in accordance with the plea bargain agreement.

## 9. Motion to Revoke Probation

The State filed a motion to revoke probation alleging that Appellant committed a new felony offense while on probation (T 16).

## 10. Plea of True (Plea Bargain)

Appellant entered a plea of true to the State's motion to revoke probation pursuant to a plea bargain agreement.

## 11. Judgment Revoking Probation

The trial judge accepted Appellant's plea of true, revoked Appellant's probation and sentenced Appellant to a term of imprisonment in accordance with the plea bargain agreement.

## 12. No Motion for New Trial

Appellant did not file a motion for new trial.

## 13. No Permission to Appeal

The record does not reflect that the trial judge granted permission for Appellant to appeal the conviction to the Court of Appeals.

## 14. Notice of Appeal

Appellant filed a timely general notice of appeal that does not state that Appellant is appealing from an adverse ruling to a pre-trial motion or that the trial court granted permission for an appeal to the Court of Appeals.

## 15. Statement as to Appellate Jurisdiction

THE COURT OF APPEALS HAS NO JURISDICTION TO CONSIDER THIS APPEAL.

Appellant was convicted pursuant to a plea bargain agreement and filed a general notice

of appeal which does not state that the trial court granted permission to appeal or that Appellant is appealing from adverse rulings to pre-trial motions as required by *Rule 40(b)(1), Tex. R. App. P.* The record does not reflect that Appellant's plea was involuntary or that the trial court abused its discretion in denying permission to appeal.

The Court of Criminal Appeals determined that compliance with *Rule 40(b)(1)* is jurisdictional and that the failure to comply with that rule requires the Court of Appeals to dismiss the Appeal. See *Lyon v. State,* 872 SW2d 732 (Tex.Crim. App. 1994), cert. denied, ___ US ___, 114 SCt 2684, 129 LE2d 816, 62 USLW 3825 (June 13, 1994) (No. 93-8795); *Davis v. State,* 870 SW2d 43 (Tex.Crim.App. 1994); *Fowler v. State,* 874 SW2d 112 (Tex.App. - Austin 1994); *Wolfe v. State,* 878 SW2d 645 (Tex.App. - Dallas 1994, no pet.); *Penny v. State,* 880 SW2d 59 (Tex. App. - Dallas, 1994, no pet.) (en banc); *Duran v. State,* 881 SW2d 86 (Tex.App. - Dallas, 1994) and *Curlin v. State,* 881 SW2d 513 (Tex.App. - Dallas, no pet.).

## PRAYER

Wherefore, Appellant prays that the Court of Appeals will review the record of trial and grant any relief to which Appellant may be entitled.

Respectfully submitted,

ROSS TETER
*Counsel for Appellant*

## Certificate of Service

The undersigned counsel for Appellant hereby certifies to the Court of Appeals that a true and correct copy of the foregoing Brief on Appeal was served by hand delivery to John Vance, counsel for the State of Texas on this date.

FEB 23 1995

Date

ROSS TETER
*Counsel for Appellant*

Appellant's Brief on Appeal, Page 6.