IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-94-144-CR





JOSEPH HUTCHINS,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE



 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT



NO. 0922395, HONORABLE LARRY FULLER, JUDGE PRESIDING



 





PER CURIAM

 Pursuant to a plea bargain agreement, appellant pleaded guilty and judicially
confessed to the offense of murder. Penal Code, 63d Leg., R.S., ch. 399, sec. 1, § 19.02, 1973
Tex. Gen. Laws 883, 913, amended by Act of May 28, 1973, 63d Leg., R.S., ch. 426, art. 2,
§ 1, 1973 Tex. Gen. Laws 1122, 1123 (Tex. Penal Code Ann. § 19.02, since amended). In
accord with the agreement, the district court assessed punishment at imprisonment for fifty years.

 Appellant entered his plea on November 19, 1993. Sentence was imposed the same
day. Also filed on that date was a written waiver of appeal "after sentence has been imposed"
signed by appellant and his attorneys and approved by the district court. On December 15,
appellant filed a motion for new trial contending that his guilty plea was not knowing and
voluntary. On December 22, a hearing on the motion for new trial was set for January 18, 1994. 
No hearing on the motion was ever held.

 On January 17, 1994, appellant filed a pro se motion to withdraw his guilty plea
and a pro se petition for writ of habeas corpus. In both, appellant complained of ineffective
assistance of trial counsel. At a hearing held February 4, the district court permitted trial counsel
to withdraw from the cause and appointed Karyl Krug as substitute counsel.



THE COURT: All right. Mr. Hutchins, we've been out here trying to talk about
your predicament and one of your allegations is ineffective assistance of counsel.


THE DEFENDANT: Yes, sir.


THE COURT: And the attorneys sort of agree that they have no business arguing
any motion if you feel they're ineffective and the Court is going to appoint you
someone to handle this. Okay?


THE DEFENDANT: Yes, sir. Okay.


THE COURT: We'll do that right now. I need you to sign this affidavit that
you're indigent. And if you'll do that I'll appoint an attorney to represent you.


 The Court is going to appoint somebody that's had experience and in fact
has worked in the Court of Criminal Appeals, knows how to brief and knows their
way around the Court of Criminal Appeals, and her name is Carolyn [sic] Krug.


. . .


THE COURT: Some of them never try cases. Some of them try cases and never
do appeals and it's very, very hard to find experienced appeal lawyers that tend to
write and I've been assured that this lady has, having been with the Court of
Criminal Appeals and knows all about it.



On February 17, appellant's new attorney filed notice of appeal and a written withdrawal of
waiver of appeal signed by appellant.

 We asked counsel to brief the question whether, under the circumstances, appellant
is bound by his waiver of appeal. Appellant's first point of error asserts that appellant is not
bound by the waiver for reasons that we need not detail in this opinion. Appellant's second point
of error urges that he was denied a hearing on his motion for new trial because of ineffective
assistance of counsel. Point of error three contends that the district court abused its discretion by
failing to conduct a hearing on the motion for new trial. The State has filed a brief responding
to each of appellant's points of error. In addition, the State has filed a motion and amended
motion to dismiss the appeal for want of jurisdiction. The motions are based on Rule 40(b)(1) of
the Texas Rules of Appellate Procedure, as interpreted by the Court of Criminal Appeals. Lyon
v. State, 872 S.W.2d 732 (Tex. Crim. App. 1994); Davis v. State, 870 S.W.2d 43 (Tex. Crim.
App. 1994). 

 Rule 40(b)(1) contains a provision, commonly referred to as the "but" clause,
governing appeals following bargained guilty pleas in felony cases. In Davis, the court interpreted
the clause in this manner:



The relevant portions of Rule 40(b)(1) should be read as follows:


". . . . in order to prosecute an appeal for a (1) nonjurisdictional defect [occurring
before or after the plea], or (2) error that occurred prior to entry of the plea, the
notice shall state that the trial court granted permission to appeal or shall specify
that those matters were raised by written motion and ruled on before trial. . . ."



870 S.W.2d at 46. The court explained the consequences of this interpretation in Lyon:



[W]e hold Rule 40(b)(1) requires a defendant, in an appeal from a plea-bargained
conviction, to obtain the trial court's permission to appeal any matter in the case
except for those matters raised by written motion and ruled on before trial. A
defendant's "general" notice of appeal confers no jurisdiction on a Court of
Appeals to address nonjurisdictional defects or errors that occur before or after
entry of the plea; a defendant's notice of appeal has to comply with the applicable
provisions of the "but" clause of Rule 40(b)(1) to confer jurisdiction on a Court of
Appeals to address these types of defects or errors. A "general" notice of appeal
confers jurisdiction on a Court of Appeals to address only jurisdictional issues.



872 S.W.2d at 736 (citations omitted).

 We understand Davis and Lyon to mean that if a defendant in a felony case pleads
guilty or no contest pursuant to a plea bargain agreement and punishment is assessed in accord
with that agreement, the defendant must obtain the trial court's permission to appeal any matter
except: (1) rulings on written pretrial motions (also referred to in Rule 40(b)(1) as "error[s] that
occurred prior to entry of the plea") and (2) jurisdictional issues. See Rhem v. State, 873 S.W.2d
383, 384 n.2 (Tex. Crim. App. 1994) (statement in Lyon that defendant must have trial court's
permission to appeal "any matter" except rulings on pretrial motions does not include
jurisdictional defects or errors). Moreover, in order for such a defendant to appeal any matter
except a jurisdictional issue, the notice of appeal must state either that the trial court granted
permission to appeal or that the appeal concerns a matter raised by written motion and ruled on
before trial. Finally, Davis and Lyon hold that the "but" clause of Rule 40(b)(1) is jurisdictional. 
A court of appeals has jurisdiction to consider only jurisdictional issues if the prerequisites of the
clause are not satisfied. See Fowler v. State, 874 S.W.2d 112, 114 (Tex. App.--Austin 1994, pet.
ref'd) (in case governed by "but" clause of Rule 40(b)(1), "general" notice of appeal sufficient to
confer jurisdiction to address jurisdictional issues); but see Rhem, 873 S.W.2d at 385 (affirming
conviction instead of dismissing appeal when Rule 40(b)(1) prerequisites not met).

 Appellant's notice of appeal states:



 Pursuant to Tex. R. App. P. 40(b)(1), the judgment of conviction in this
case was rendered upon Defendant's plea of guilty or nolo contendere pursuant to
Article 1.15, V.A.C.C.P., and the punishment assessed does not exceed the
punishment recommended by the prosecutor and agreed to by the defendant and his
attorney. The trial court has granted Defendant permission to appeal. 
Alternatively, the matters upon which appeal is being prosecuted were raised by
written motion and ruled on before trial.



This notice contains the recitals required by Rule 40(b)(1). But these recitals must be true in
order to confer jurisdiction to consider nonjurisdictional issues. The State contends, and we
agree, that the record before us contradicts the recitals in appellant's notice of appeal.

 Contrary to what is stated in his notice of appeal, appellant does not bring forward
a point of error complaining of a ruling on a pretrial motion. Moreover, attached to the State's
amended motion to dismiss is an affidavit from the district court stating:



On February 4, 1994, I appointed Karyl Krug to represent Joseph Hutchins and
determine how to handle his ineffective assistance of counsel claim against his trial
attorneys alleged in his pro se application for writ of habeas corpus and/or his
motion for new trial. I have no recollection of granting Karyl Krug permission to
appeal any matters under Rule 40(b)(1) . . . . Karyl Krug never requested
permission to appeal from me, and I therefore have no memory of granting
permission to either Karyl Krug or Joseph Hutchins to appeal any issues in this
cause.



See Tex. R. App. P. 19(d). Appellant contends in his response to the State's motion to dismiss
that the district court implicitly granted permission to appeal by appointing substitute counsel on
February 4. Appellant argues that "[a]s it was too late for the trial court to consider a motion for
new trial, the only valid purpose for appointing counsel would be to prosecute an appeal." 
"[G]iven that the issues raised in the instant appeal are precisely those of which the Court was
aware that Appellant was concerned," adds appellant, "the only implication to be taken is that
Appellant had the trial court's permission to appeal those issues." In an affidavit attached to
appellant's response to the State's amended motion to dismiss, counsel states, "I did not contact
the trial judge and request permission to appeal, since I understood that I had been appointed to
do the appeal."

 In Lyon, the Court of Criminal Appeals stated that the trial court's order granting
the defendant's motion for a free statement of facts did not constitute an implied grant of
permission to appeal. 872 S.W.2d at 736. In that case, the record also contained an order
denying the defendant's request for permission to appeal. In this cause, we have before us the
district court's affidavit stating that permission to appeal was not given. Further, we do not agree
with appellant that the only conceivable purpose for appointing substitute counsel was to prosecute
this appeal. It is reasonable to assume from the circumstances that the district court appointed
counsel to represent appellant on his petition for habeas corpus relief, an assumption that is
confirmed by the court's affidavit. (1) We hold that on this record, the February 4 order appointing
substitute counsel to represent appellant did not constitute an implied grant of permission to
appeal.

 Appellant argues that he should not be required to obtain permission to appeal
because the errors of which he complains occurred after he pleaded guilty. Appellant relies on
a recent opinion stating that an unbargained plea of guilty cannot waive an error or defect alleged
to have occurred after the plea was made. Jack v. State, 871 S.W.2d 741 (Tex. Crim. App. 1994)
(applying rule announced in Helms v. State, 484 S.W.2d 925 (Tex. Crim. App. 1972)). Jack does
not speak to this cause because it does not address the application of Rule 40(b)(1). Appellant also
argues that it is contrary to judicial economy and public policy to dismiss this appeal, forcing him
to litigate the claimed errors by means of post-conviction habeas corpus. (2) This is an argument
that must be addressed to the Court of Criminal Appeals. We are bound to follow Rule 40(b)(1)
as promulgated and interpreted by that court.

 Appellant entered a bargained plea of guilty to a felony offense. The punishment
assessed does not exceed that agreed to by appellant and his attorney. Contrary to the recitals in
appellant's notice of appeal, the district court did not give appellant permission to appeal and
appellant does not bring forward a point of error concerning a matter raised by written motion and
ruled on before trial. Appellant's three points of error do not question the district court's
jurisdiction over either the subject matter of this cause or appellant personally. See Lyon, 872
S.W.2d at 736. Under Rule 40(b)(1) as interpreted in Davis and Lyon, this Court does not have
jurisdiction of this appeal. 

 The State's amended motion to dismiss for want of jurisdiction is granted and the
original motion is dismissed. The appeal is dismissed.


Before Justices Powers, Aboussie and B. A. Smith

Appeal Dismissed

Filed: November 2, 1994

Publish

1.   Appellant argues that counsel could not have been appointed to pursue habeas corpus
relief because his conviction was not final. See Tex. Code Crim. Proc. Ann. art. 11.07, § 2
(West Supp. 1994). The conviction would have become final, however, two weeks after counsel
was appointed if notice of appeal had not been given. Counsel filed the notice of appeal on the
last day for doing so. See Tex. R. App. P. 41(b).
2.   But see Jackson v. State, 877 S.W.2d 768, 772 (Tex. Crim. App. 1994) (Baird, J.,
concurring) (as a general rule, one should not raise issue of ineffective assistance of counsel on
direct appeal).