TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-96-00638-CR







James Ray Davis, Jr., Appellant




v.




The State of Texas, Appellee







FROM THE DISTRICT COURT OF BURNET COUNTY, 33RD JUDICIAL DISTRICT


NO. 7765, HONORABLE CLAYTON E. EVANS, JUDGE PRESIDING







 James Ray Davis appeals from a judgment convicting him of the misdemeanor offense of
false imprisonment and ordering him to pay a $500 fine and serve a jail term of 120 days. See Tex. Penal
Code Ann. § 20.02 (West 1994). We will affirm the judgment.


THE CONTROVERSY


 After his indictment for a felony and pursuant to a plea bargain, Davis pled guilty to the
misdemeanor offense of false imprisonment and the trial court deferred adjudication of the offense
conditioned upon Davis's good behavior during a six-month period of community supervision. During that
period, the State moved that the court proceed to an adjudication on the allegations that Davis had violated
the conditions of community supervision by, inter alia, failing to report for a meeting with a probation
officer and by threatening two people with a firearm. See Tex. Code Crim. Proc. Ann. art. 42.12, § 5(a),
(b) (West Supp. 1997).

 At a hearing on the State's motion, Davis pleaded true to the alleged violations. Consistent
with his plea of guilty, the trial court found Davis guilty of false imprisonment and sentenced him as noted
above. A dispute then arose over when Davis had received notice of the hearing and whether he was
entitled to credit for jail time served on unrelated charges of aggravated assault in addition to jail time
served previously in connection with the charge of false imprisonment. See Tex. Code Crim. Proc. Ann.
art. 42.03, § 2(a) (West Supp. 1997). (1) Davis asked to withdraw his plea of true if he was not entitled to
the additional jail-time credit. The trial judge did not rule on the request but rendered an adjudication order
presented the day of the hearing in which the judge found Davis had violated the terms of community
supervision and proceeded to find him guilty of the offense of false imprisonment, for which he was
sentenced as indicated above and given credit for 42 days of jail time previously served.

 Davis moved for a new trial on the ground that the trial judge had erroneously overruled
Davis's request to withdraw his plea of true to the allegations that he had violated the conditions of
community supervision. The motion was overruled by operation of law.

 Davis brings to this court two points of error: (1) the trial judge erred in not allowing Davis
to withdraw his plea of true because the plea was made involuntarily; and (2) the trial judge erred in not
setting for a hearing Davis's motion for new trial.


DISCUSSION AND HOLDINGS


 Davis's two points of error pertain solely to events that occurred at the hearing on the
State's motion that the trial court proceed to an adjudication of guilt on the charge of false imprisonment
to which Davis had pleaded guilty. The hearing was governed by section 5(b) of article 42.12 of the Code
of Criminal Procedure. (2) The statute limits the scope of such hearings and prohibits appeals from the trial
court's determination to proceed to an adjudication of guilt. See Phynes v. State, 828 S.W.2d 1, 2 (Tex.
Crim. App. 1992) (even if right to counsel denied at hearing governed by article 42.12, § 5(b), direct
appeal not available for redress).

 Davis is entitled to appeal, of course, from the judgment convicting him of the offense of
false imprisonment. See Tex. Code Crim. Proc. Ann. art. 42.12, § 5(b) (West Supp. 1997). (3)
 Under the
rule in effect at the time, however, in cases like the present, the scope of appeal for nonjurisdictional defects
or errors was limited to those identified in the defendant's notice of appeal stating "that the trial court
granted permission to appeal or . . . [specifying] that those matters were raised by written motion and ruled
on before trial." Tex. R. App. P. 40(b)(1) (1986, repealed September 1, 1997), 119 Tex. Reg. 1939
(Tex. Crim. App. 1985). Davis's notice of appeal was general, stating only that "defendant . . . files this
Notice of Appeal of said conviction." The errors urged are not jurisdictional. We therefore lack subject-matter jurisdiction to decide them. See Davis v. State, 870 S.W.2d 43, 46-47 (Tex. Crim. App. 1994). 
Under the previous rule, it was held that an appellant may, by general notice of appeal, challenge the
voluntary nature of his plea in addition to raising jurisdictional points of error. See Flowers v. State, 935
S.W.2d 131, 134 (Tex. Crim. App. 1996). In the present case, Davis's first point of error pertains to the
involuntariness of his plea of true to allegations that he violated the conditions of community supervision;
the point of error does not pertain to the involuntariness of his plea of guilty to the offense of false
imprisonment of which he was convicted.

 Because nothing is presented for our review, we affirm the trial-court judgment. (4)



 

 John Powers, Justice

Before Justices Powers, Aboussie and B. A. Smith

Affirmed

Filed: October 9, 1997

Do Not Publish

1. Section 2(a) of article 42.03 provides as follows:


In all criminal cases, the judge of the court in which the defendant was convicted shall
give the defendant credit on his sentence for the time that the defendant has spent in
jail in said cause, other than confinement served as a condition of community
supervision, from the time of his arrest and confinement until his sentence by the trial
court.


Tex. Code Crim. Proc. Ann. Art. 42.03, § 2(a) (West Supp. 1997).
2. Section 5(b) of article 42.12 provides as follows:


On violation of a condition of community supervision . . . the defendant may be
arrested and detained . . . . The defendant is entitled to a hearing limited to the
determination by the court of whether it proceeds with an adjudication of guilt
on the original charge. No appeal may be taken from this determination.


Tex. Code Crim. Proc. Ann. art. 42.12, § 5(b) (West Supp. 1997).
3. Section 5(b) of article 42.12 provides as follows:


After an adjudication of guilt, all proceedings, including . . . defendant's appeal
continue as if the adjudication of guilt had not been deferred.


Tex. Code Crim. Proc. Ann. art. 42.12, § 5(b) (West Supp. 1997).

4. In Phynes v. State, 828 S.W.2d 1 (Tex. Crim. App. 1992), which was announced on February
26, 1992, the court stated that when a defendant attempts to appeal from a determination to proceed to
adjudication, the proper disposition is to dismiss the appeal. However, on March 11, 1992, in Olowosuko
v. State, 826 S.W.2d 940 (Tex. Crim. App. 1992), the court stated that the proper disposition of such
a case is to affirm the judgment. Because Olowosuko appears to be the last word on the subject, and
because we believe it to be the sounder rule for the reason announced in the opinion, we affirm the
judgment of conviction rather than dismiss the appeal.


SPAN>

 Davis is entitled to appeal, of course, from the judgment convicting him of the offense of
false imprisonment. See Tex. Code Crim. Proc. Ann. art. 42.12, § 5(b) (West Supp. 1997). (3)
 Under the
rule in effect at the time, however, in cases like the present, the scope of appeal for nonjurisdictional defects
or errors was limited to those identified in the defendant's notice of appeal stating "that the trial court
granted permission to appeal or . . . [specifying] that those matters were raised by written motion and ruled
on before trial." Tex. R. App. P. 40(b)(1) (1986, repealed September 1, 1997), 119 Tex. Reg. 1939
(Tex. Crim. App. 1985). Davis's notice of appeal was general, stating only that "defendant . . . files this
Notice of Appeal of said conviction." The errors urged are not jurisdictional. We therefore lack subject-matter jurisdiction to decide them. See Davis v. State, 870 S.W.2d 43, 46-47 (Tex. Crim. App. 1994). 
Under the previous rule, it was held that an appellant may, by general notice of appeal, challenge the
voluntary nature of his plea in addition to raising jurisdictional points of error. See Flowers v. State, 935
S.W.2d 131, 134 (Tex. Crim. App. 1996). In the present case, Davis's first point of error pertains to the
involuntariness of his plea of true to allegations that he violated the conditions of community supervision;
the point of error does not pertain to the involuntariness of his plea of guilty to the offense of false
imprisonment of which he was convicted.

 Because nothing is presented for our review, we affirm the trial-court judgment. (4)



 

 John Powers, Justice

Before Justices Powers, Aboussie and B. A. Smith

Affirmed

Filed: October 9, 1997

Do Not Publish

1. Section 2(a) of article 42.03 provides as follows:


In all criminal cases, the judge of the court in which the defendant was convicted shall
give the defendant credit on his sentence for the time that the defendant has spent in
jail in said cause, other than confinement served as a condition of community
supervision, from the time of his arrest and confinement until his sentence by the trial
court.


Tex. Code Crim. Proc. Ann. Art. 42.03, § 2(a) (West Supp. 1997).
2. Section 5(b) of article 42.12 provides as follows:


On violation of a condition of community supervision . . . the defendant may be
arrested and detained . . . . The defendant is entitled to a hearing limited to the
determination by the court of whether it proceeds with an adjudication of guilt
on the original charge. No appeal may be taken from this determination.


Tex. Code Crim. Proc. Ann. art. 42.12, § 5(b) (West Supp. 1997).
3. Section 5(b) of article 42.12 provides as follows:


After an adjudication of guilt, all proceedings, including . . . defendant's appeal
continue as if the adjudication of guilt had not been deferred.


Tex. Code Crim. Proc. Ann. art. 42.12, § 5(b) (West Supp. 1997).

4. In Phynes v. State, 828 S.W.2d 1 (Tex. Crim. App. 1992), which was announced on February
26, 1992, the court stated that when a defendant attempts to appeal from a determination to proceed to
adjudication, the proper disposition is to dismiss the appeal. However, on March 11, 1992, in Olowosuko
v. State, 826 S.W.2d 940