Nos. 04-97-00814-CR & 04-97-00815-CR



Ray Anthony ROMAN,


Appellant



v.



The STATE of Texas,


Appellee



From the 226th Judicial District Court, Bexar County, Texas


Trial Court Nos. 97-CR-1049 & 97-CR-1050


Honorable Sid L. Harle, Judge Presiding



Opinion by: Alma L. López, Justice


Sitting: Phil Hardberger, Chief Justice

 Tom Rickhoff, Justice

 Alma L. López, Justice


Delivered and filed: March 10, 1999

 

AFFIRMED


 Ray Anthony Roman appeals his conviction for aggravated robbery and aggravated
kidnaping. Roman's appointed appellate attorney, Vincent D. Callahan, filed a brief in which he
concludes that the appeal is without merit. The brief meets the requirements of Anders v. California,
386 U.S. 738, 744 (1967) (setting forth procedures to be followed when appointed counsel
determines that appeal is frivolous). Callahan certified that he provided Roman with a copy of the
brief and informed Roman of his right to file a pro se brief. Thereafter, Roman filed a pro se brief
setting forth five points of error. Having reviewed Roman's brief and the record before us, we agree
that the appeal is frivolous and without merit and affirm the judgment of the trial court.

 Roman was charged with one count of aggravated kidnaping and one count of aggravated
robbery. He waived his right to appeal and entered two pleas of no contest. The trial court accepted
Roman's pleas and found him guilty as charged. The court assessed punishment of concurrent
judgments of aggravated robbery (court costs of $126.50; $2,000.00 restitution; and 25 years
incarceration in the TDCJ-ID) and aggravated kidnaping (court costs of $166.50; and 25 years
incarceration in the TDCJ-JD). The punishment assessed did not exceed that recommended by the
prosecutor and agreed to by the Appellant.

 When judgment is rendered on a plea of guilty pursuant to Article 1.15 of the Texas Code
of Criminal Procedure, and the punishment assessed does not exceed the punishment recommended
by the prosecutor and agreed to by the defendant, the defendant is limited on appeal to those issues
approved by the trial court and those raised by pretrial motion. See Tex. R. App. P. 25.2(b)(3)
(setting forth instances where criminal defendant can appeal). Roman raises no issues addressed by
pretrial motions. The trial court did not specifically deny Roman permission to appeal. However,
because Roman's notice of appeal did not comply with Tex. R. App. P. 25.2(b)(3), our review of this
appeal is limited to issues of jurisdiction and voluntariness. See Lyon v. State, 872 S.W.2d 732, 736
(Tex. Crim. App. 1994); Flowers v. State, 935 S.W.2d 131, 134, (Tex. Crim. App. 1996)
(determining that defendant that pleads guilty pursuant to plea bargain agreement may still contest
voluntariness of plea on appeal); Davis v. State, 870 S.W.2d 43, 49 (Tex. Crim. App. 1994) (stating
that defendant who pleads guilty pursuant to plea bargain agreement is entitled to appeal only with
permission of trial court or to appeal issues raised by pretrial motion).

 Appellant, Ray Roman, filed his brief with this court on October 15, 1998. In his pro se
brief, Roman raises five points of error. Roman complains that he received ineffective assistance
of counsel because his trial counsel (1) failed to object to the insufficiency of evidence to sustain a
conviction, (2) failed to file a motion to suppress the identification process, (3) failed to submit any
motion for illegal search and seizure, and (4) failed to file a motion to suppress evidence. Because
these complaints do not address jurisdictional issues or voluntariness, we do not have jurisdiction
to consider any of the points of error.

 We have reviewed the record and counsel's and appellant's pro se briefs. We agree that the
appeal is frivolous and without merit. The judgment of the trial court is affirmed. Furthermore, we
GRANT Appellant's attorney's motion to withdraw as attorney of record. See Nichols v. State, 954
S.W.2d 83 (Tex. App.--San Antonio 1997, no pet.); Bruns v. State, 924 S.W.2d 176, 177 n.1 (Tex.
App.--San Antonio 1996, no pet.).


 ALMA L. LÓPEZ

 JUSTICE

DO NOT PUBLISH
Return to
Fourth Court of Appeals