NUMBER 13-00-576-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI

___________________________________________________________________

BENITO GONZALEZ , Appellant,


v.



THE STATE OF TEXAS , Appellee.

___________________________________________________________________


On appeal from the 105th District Court

of Nueces County, Texas.

__________________________________________________________________


MEMORANDUM OPINION

Before Justices Dorsey, Hinojosa, and Rodriguez

Opinion by Justice Rodriguez



Appellant, Benito Gonzalez, entered a plea of nolo contendere to state jail felony possession of cocaine. (1) The plea was
pursuant to a plea bargain agreement. The court deferred adjudication of guilt and placed appellant on community
supervision for three years. The State filed a motion to adjudicate guilt alleging eleven violations of his community
supervision. At a hearing on the motion, appellant pled true to all allegations. The court revoked appellant's community
supervision, adjudicated his guilt, and sentenced him to twenty months in a state jail. We dismiss for want of jurisdiction.

As this is a memorandum opinion not designated for publication and the parties are familiar with the facts, we will not
recite them here. See Tex. R. App. P. 47.1.

Trial counsel filed a timely general notice of appeal, accompanied by a motion to withdraw as counsel. On the same day,
the trial court signed an order appointing appellate counsel. In the order, the trial court made a finding that appellant's
notice of appeal did not meet the requirements of appellate rule 25.2(b)(3)(C) because it failed to state that the trial court
had granted permission to appeal.

Texas Rule of Appellate Procedure 25.2(b)(3) applies to judgments adjudicating guilt after deferred adjudication
community supervision has been revoked, where the punishment does not exceed that recommended by the prosecutor and
agreed to by the defendant. See Tex. R. App. P. 25.2(b)(3); Watson v. State, 924 S.W.2d 711, 713-14 (Tex. Crim. App.
1996). Rule 25.2(b)(3) requires that a notice of appeal must specify that (1) the appeal is for a jurisdictional defect, (2) the
substance of the appeal was raised by written motion and ruled on before trial, or (3) state that the trial court granted
permission to appeal. SeeTex. R. App. P. 25.2(b)(c). A general notice of appeal is insufficient to confer jurisdiction on a
court of appeals. See Davis v. State, 870 S.W.2d 43, 46 (Tex. Crim. App. 1994); Lyon v. State, 972 S.W.2d 732, 736 (Tex.
Crim. App. 1994) (both construing former appellate rule 40(b)(1), now rule 25.2(a), (b), (c)).

We have reviewed the record and conclude the trial court did not grant appellant permission to appeal. Neither does
appellant's notice specify that his appeal is for jurisdictional defects or that it is from a ruling on a pre-trial motion. SeeTex.
R. App. P. 25.2(b)(3). Additionally, appellant's punishment did not exceed the punishment recommended by the
prosecutor. Appellant therefore has not complied with the provisions of rule 25.2(b)(3). Because his general notice of
appeal is insufficient to confer jurisdiction on this Court, we are without jurisdiction to consider this appeal.

Accordingly, we dismiss this appeal for want of jurisdiction.

Furthermore, appellant's attorney has asked permission to withdraw as counsel for appellant. We grant the attorney's
motion to withdraw. 

NELDA V. RODRIGUEZ

Justice

Do not publish .

Tex. R. App. P. 47.3.



Opinion delivered and filed

this 21st day of June, 2001.

1. See Tex. Health & Safety Code Ann. § 481.115(a)(b) (Vernon Supp. 2001).