In The

Court of Appeals

For The

First District of Texas

____________


NOS. 01-02-00640-CR

 01-02-00641-CR

____________


DERRICK DEWAYNE BATY, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 351st District Court

Harris County, Texas

Trial Court Cause Nos. 891008 and 911133






MEMORANDUM OPINION

 Appellant pleaded guilty to possession of cocaine, weighing more than four
grams and less than 200 grams, and to unlawful possession of a firearm. In
accordance with a plea bargain agreement with the State, he was sentenced to six
years confinement in each case. Appellant timely filed a general notice of appeal in
both cause numbers. We dismiss the appeals for lack of jurisdiction.

 When a defendant in a criminal case pleads guilty or no contest after having
reached a plea bargain agreement with the State, and the trial judge sentences the
defendant in accordance with the plea bargain agreement, the notice of appeal must
comply with Rule 25.2(b)(3) of the Texas Rules of Appellate Procedure. The rule
states that, in such a case, "the notice must: (A) specify that the appeal is for a
jurisdictional defect; (B) specify that the substance of the appeal was raised by
written motion and ruled on before trial; or (C) state that the trial court granted
permission to appeal." Tex. R. App. P. 25.2(b)(3).

 If the notice of appeal does not meet the rule's requirements, the appellate
court does not have jurisdiction over the appeal. See White v. State, 61 S.W.3d 424,
429 (Tex. Crim. App. 2001) (holding general notice of appeal in plea-bargained case
did not invoke jurisdiction of appellate court to consider jurisdictional defects); Davis
v. State, 870 S.W.2d 43, 46 (Tex. Crim. App. 1994) (holding general notice of appeal
in plea-bargained case failed to confer jurisdiction to review trial court's ruling on
pretrial suppression motion under former Rule 40(b)(1), predecessor to Rule
25.2(b)(3)).

 Appellant filed a general notice of appeal bearing both cause numbers that
did not comply with the requirements of Rule 25.2(b)(3) in that it did not state that
the appeal was for a jurisdictional defect, that the substance of the appeal was raised
by written motion and ruled on before trial, or that the trial court granted permission
to appeal. Appellant may not now file an amended notice of appeal to correct
jurisdictional defects because the time for filing notice of appeal has expired. State
v. Riewe, 13 S.W.3d 408, 413-14 (Tex. Crim. App. 2000).

 We also note that in each case appellant waived his right to appeal if the
trial court followed the plea bargain agreement. See Buck v. State, 45 S.W.3d 275,
278 (Tex. App.--Houston [1st Dist.] 2001, no pet.).

 Accordingly, we dismiss the appeals for lack of jurisdiction.

PER CURIAM

Panel consists of Justices Mirabal, Taft, and Alcala.

Do not publish. Tex. R. App. P. 47.