In The

Court of Appeals

For The

First District of Texas

____________


NO. 01-02-00904-CR

____________


JERRY BLAYNE BURTS, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 177th District Court

Harris County, Texas

Trial Court Cause No. 919477






MEMORANDUM OPINION

 Appellant, Jerry Blayne Burts, pleaded guilty to possession of cocaine and,
in accordance with a plea bargain agreement with the State, was sentenced to 10
years' confinement. Appellant filed a timely notice of appeal. We dismiss the appeal
for lack of jurisdiction because the notice of appeal does not meet the requirements
of Rule 25.2(b)(3) of the Texas Rules of Appellate Procedure.

 The notice of appeal must comply with Rule 25.2(b)(3) when a defendant
in a criminal case pleads guilty or no contest after having reached a plea bargain
agreement with the State, and the trial judge sentences the defendant in accordance
with the agreement. The rule states that, in such a case, "the notice must: (A) specify
that the appeal is for a jurisdictional defect; (B) specify that the substance of the
appeal was raised by written motion and ruled on before trial; or (C) state that the trial
court granted permission to appeal." Tex. R. App. P. 25.2(b)(3).

 If the notice of appeal does not meet the rule's requirements, the appellate
court does not have jurisdiction over the appeal. See White v. State, 61 S.W.3d 424,
429 (Tex. Crim. App. 2001) (holding general notice of appeal in plea-bargained case
did not invoke jurisdiction of appellate court to consider jurisdictional defects); Davis
v. State, 870 S.W.2d 43, 46 (Tex. Crim. App. 1994) (holding general notice of appeal
in plea-bargained case failed to confer jurisdiction to review trial court's ruling on
pretrial suppression motion under former Rule 40(b)(1), predecessor to Rule
25.2(b)(3)).

 Appellant filed a notice of appeal that did not comply with the requirements
of Rule 25.2(b)(3) in that it did not state that the appeal was for a jurisdictional
defect, that the substance of the appeal was raised by written motion and ruled on
before trial, or that the trial court granted permission to appeal. Appellant may not
now file an amended notice of appeal to correct jurisdictional defects because the
time for filing notice of appeal has expired. State v. Riewe, 13 S.W.3d 408, 413-14
(Tex. Crim. App. 2000).

 We also note that appellant's written waiver of his right to appeal was
effective because the trial court followed the plea bargain agreement. See Buck v.
State, 45 S.W.3d 275, 278 (Tex. App.--Houston [1st Dist.] 2001, no pet.).

 Accordingly, we dismiss the appeal for lack of jurisdiction.

PER CURIAM

Panel consists of Justices Taft, Alcala, and Price. (1)

Do not publish. Tex. R. App. P. 47.
1. The Honorable Frank C. Price, former Justice, Court of Appeals, First District
of Texas at Houston, participating by assignment.