In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-00-437 CR


____________________



PAMELA LEE HEBERT, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the Criminal District Court


Jefferson County, Texas


Trial Cause No. 79015






OPINION


 Pamela Lee Hebert pleaded guilty to the third degree felony offense of attempted
arson. Tex. Pen. Code Ann. § 15.01 (Vernon 1994); § 28.02 (Supp. 2001). The trial
court deferred adjudication of guilt, fined Hebert $500, and placed Hebert on community
supervision for ten years. The record reflects the trial court followed the terms of a plea
bargain agreement between Hebert and the State. Subsequently, the court found Hebert
violated the terms of community supervision by committing the criminal offense of
insurance fraud while on community supervision. The trial court adjudicated guilt and
sentenced Hebert to confinement in the Texas Department of Criminal Justice, Institutional
Division, for six years. 

 After appeal was perfected, appellate counsel filed a brief in compliance with
Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and High v.
State, 573 S.W.2d 807 (Tex. Crim. App. 1978). The brief concludes no arguable error
which would support the appeal is presented, a conclusion with which we concur. On July
19, 2001, Hebert was given an extension of time in which to file a pro se brief if she so
desired. We received no response from the appellant.

 The trial court did not grant permission to appeal. The general notice of appeal
filed by Hebert does not comply with Rule 25.2(b)(3), as it must in order for Hebert to
pursue her appeal from a plea-bargained deferred adjudication of guilt. Cooper v. State,
45 S.W.3d 77 (Tex. Crim. App. 2001); Watson v. State, 924 S.W.2d 711, 714-15 (Tex.
Crim. App. 1996). (1) Absent a proper notice of appeal, we are deprived of jurisdiction to
review even matters which could have been raised had the notice been sufficient. Davis
v. State, 870 S.W.2d 43, 46-47 (Tex. Crim. App. 1994). No error relating to the process
by which she was punished was preserved at trial or raised on appeal. Compare Vidaurri
v. State, 49 S.W.3d 880, 884 (Tex. Crim. App. 2001). 

 We have reviewed the clerk's record and the reporter's record, and find no arguable
error requiring us to order appointment of new counsel. Hebert raises no points of error
over which we have jurisdiction. Accordingly, we dismiss the appeal for want of
jurisdiction.

 APPEAL DISMISSED.

 PER CURIAM


Submitted on October 22, 2001

Opinion Delivered October 31, 2001

Do Not Publish


Before Walker, C.J., Burgess and Gaultney, JJ.
1. The notice of appeal must specify that the appeal is for a jurisdictional defect,
specify that the substance of the appeal was raised by written motion and ruled on before
trial, or state the trial court granted permission to appeal. Tex. R. App. P. 25.2(b)(3).