In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-00-507 CR


____________________



ELROY GLEN HUGGINS, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the Criminal District Court


Jefferson County, Texas


Trial Cause No. 67614






OPINION


 Elroy Glen Huggins pleaded no contest to the second degree felony offense of
robbery. Tex. Pen. Code Ann. § 29.02 (Vernon 1994). The trial court deferred
adjudication of guilt, fined Huggins $500, and placed him on community supervision for
five years. The record reflects the trial court followed the terms of a plea bargain
agreement between Huggins and the State. Subsequently, the court found Huggins violated
the terms of community supervision by committing the criminal offense of possession of
marijuana, by possessing a drug, and by violating curfew. The trial court adjudicated guilt
and sentenced Huggins to confinement in the Texas Department of Criminal Justice,
Institutional Division, for eight years. 

 After appeal was perfected, appellate counsel filed a brief in compliance with
Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and High v.
State, 573 S.W.2d 807 (Tex. Crim. App. 1978). The brief concludes no arguable error
that would support the appeal is presented, a conclusion with which we concur. On
August 23, 2001, Huggins was given an extension of time in which to file a pro se brief
if he so desired. We received no response from the appellant.

 The trial court did not grant permission to appeal. The general notice of appeal
filed by Huggins does not comply with Rule 25.2(b)(3), as it must in order for Huggins
to pursue his appeal from a plea-bargained deferred adjudication of guilt. Cooper v. State,
45 S.W.3d 77 (Tex. Crim. App. 2001); Watson v. State, 924 S.W.2d 711, 714-15 (Tex.
Crim. App. 1996). (1) Absent a proper notice of appeal, our jurisdiction is not invoked even
to address matters which could have been raised had the notice been sufficient. See White
v. State, No. 123-01, 2001 WL 1539153 (Tex. Crim. App. Dec. 5, 2001)(not yet
reported); Davis v. State, 870 S.W.2d 43, 46-47 (Tex. Crim. App. 1994). No error
relating to the process by which he was punished was preserved at trial or raised on
appeal. Compare Vidaurri v. State, 49 S.W.3d 880, 884 (Tex. Crim. App. 2001). 

 We have reviewed the clerk's record and the reporter's record, and find no arguable
error requiring us to order appointment of new counsel. Huggins raises no points of error
over which we have jurisdiction. Accordingly, we dismiss the appeal for want of
jurisdiction.

 APPEAL DISMISSED.

 PER CURIAM


Submitted on December 31, 2001

Opinion Delivered January 9, 2002

Do Not Publish


Before Walker, C.J., Burgess and Gaultney, JJ.
1. The notice of appeal must specify that the appeal is for a jurisdictional defect,
specify that the substance of the appeal was raised by written motion and ruled on before
trial, or state the trial court granted permission to appeal. Tex. R. App. P. 25.2(b)(3).