NUMBERS 13-03-174-CR & 13-03-175-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG





ENRIQUE RUELAS CHAVEZ,                                              Appellant,

v.

THE STATE OF TEXAS,                                                      Appellee.




On appeal from the 138th District Court
of Cameron County, Texas.




O P I N I O N

Before Chief Justice Valdez and Justices Hinojosa and Castillo


Opinion by Justice Castillo

         Appellant Enrique Ruelas Chavez appeals his convictions for murder


 and 
possession of a controlled substance with intent to deliver,


 both first-degree felonies.



Chavez pleaded guilty to both charges pursuant to agreed punishment
recommendations. The trial court honored the plea agreements and sentenced him on
each charge to thirty years confinement in the Institutional Division of the Texas
Department of Criminal Justice, to run concurrently. We conclude that Chavez's
appeals are frivolous and without merit. We dismiss. 
I. BACKGROUND
         On December 3, 2002, Chavez filed timely notices of appeal that invoked our
jurisdiction. The rules of appellate procedure governing how appeals proceed in
criminal cases were amended effective January 1, 2003. This Court applies those
amended rules of appellate procedure to all cases on appeal on the effective date of
the amendments. See, e.g., Gibson v. State, 117 S.W.3d 567, 570 (Tex.
App.–Corpus Christi 2003, pet. granted). Accordingly, on August 28, 2003, we
abated both cases for filing of the trial court's certifications of Chavez's right to appeal
("CORTAs"). As required by current rule 25.2 of the rules of appellate procedure, on
October 2, 2003, the trial court filed CORTAs stating that these are plea-bargain
cases, and Chavez has no right of appeal. See Tex. R. App. P. 25.2(a)(2). On filing of
the CORTAs, we reinstated the cases on October 6, 2003. On October 28, 2003,
Chavez's court-appointed appellate counsel filed a brief in which he concludes that
these appeals are frivolous. See Anders v. California, 386 U.S. 738, 744-45 (1967). 
The cases were submitted without oral argument on January 5, 2004. On February 9,
2004, after receipt of counsel's Anders brief, Chavez notified this Court he did not
have a copy of his appellate records. He asked this Court to furnish them. On
March 11, 2004, we abated the cases again and, in the interest of justice, ordered
counsel to provide copies of the records to Chavez. On April 19, 2004, Chavez filed
a pro se brief in response to counsel's Anders brief. We again reinstated the cases. 
         Rule 25.2(d) provides that we must dismiss an appeal if the CORTA does not
show that the appellant has the right of appeal. Tex. R. App. P. 25.2(d). However,
this Court, on receipt of a "frivolous appeal" brief, must perform an independent
review of the record to determine any grounds for appeal. Penson v. Ohio,
488 U.S. 75, 80 (1988) (citing Anders, 386 U.S. at 744-45). A CORTA showing no
right to appeal does not eliminate our duty to perform an independent review of the
record on receipt of an Anders brief. Accordingly, we first examine the scope of our
duty to review the record independently in an Anders case in which the trial court has
certified that the appellant has no right of appeal. 
 

II. SCOPE OF INDEPENDENT ANDERS REVIEW
         The legislative grant of procedural rule-making authority to the court of criminal
appeals is not unlimited: "The court of criminal appeals is granted rule making power
to promulgate rules of post-trial, appellate, and review procedure in criminal cases
except that its rules may not abridge, enlarge, or modify the substantive rights of a
litigant." See Tex. Gov't Code Ann. § 22.108(a) (Vernon Supp. 2004); Shankle v.
State, 119 S.W.3d 808, 812 (Tex. Crim. App. 2003). In fact, the court of criminal
appeals has specifically stated that a plea-bargaining defendant's right to appeal may
not be abridged, enlarged, or modified by appellate rule 25.2. See Shankle,
119 S.W.3d at 812. Accordingly, rule 25.2 certification issues should not affect an
appellant's substantive rights. 
         Indigent defendants have a constitutional right to representation on appeal. See
generally Douglas v. California, 372 U.S. 353, 357 (1963). In Anders, the United
States Supreme Court set up a "prophylactic framework" to protect the constitutional
right to counsel. Pennsylvania v. Finley, 481 U.S. 551, 555 (1987). Under Anders,
a state appellate court may not refuse to provide counsel to brief and argue an indigent
criminal defendant's first appeal based on the appointed appellate attorney's
conclusory statement that the case has no merit and does not warrant the filing
of an appellate brief. Penson, 488 U.S. at 80 (citing Anders, 386 U.S.
at 744-45).  Rather, Anders mandates that appellate courts perform an independent
review of the entire record to determine whether there are any arguable grounds that
might support an appeal. See Anders, 386 U.S. at 744-45; see also Stafford v. State,
813 S.W.2d 503, 511 (Tex. Crim. App. 1991). An appeal is not frivolous if it
presents issues that are "arguable on their merits." Anders, 386 U.S. at 744. An
appeal is "wholly frivolous" or "without merit" when it lacks "any basis in law or fact."
McCoy v. Court of Appeals, 486 U.S. 429, 438 n.10 (1988). 
         A state's appellate procedures must "afford adequate and effective appellate
review to indigent defendants." Griffin v. Illinois, 351 U.S. 12, 20 (1956). An
indigent must receive "substantial equality" compared to the legal assistance a
defendant with paid counsel would receive, although "absolute equality" is not
required. Smith v. Robbins, 528 U.S. 259, 277 n.9 (2000). Accordingly, in cases
where the CORTA shows no right to appeal, but an Anders brief has been filed, we
still must perform an independent review of the record as mandated by Anders to
safeguard the indigent defendant's rights through an "adequate and effective appellate
review." 
         Under prior law, litigants enjoyed certain limited rights to appeal that are neither
referenced in rule 25.2 nor included in the CORTA form promulgated by the Texas
Court of Criminal Appeals and provided in the appendix to the appellate rules (the
"CORTA Form"). In particular, the CORTA Form does not recognize certain rights of
appeal historically enjoyed by plea-bargaining defendants in Texas. Accordingly, we
take this opportunity to discuss: (1) the limitations on and extent of our review power
in an appeal following a plea bargain; and (2) the scope of our Anders duty to review
the record independently when the trial court has certified that a plea-bargaining
defendant has no right of appeal. 
A. The Right of Appeal in Criminal Cases
         Texas law provides the defendant in a criminal case a statutorily created right
of appeal. Tex. Code Crim. Proc. Ann.  art. 44.02.


 As noted above, procedural rules
govern when and how an appeal may proceed but may not enlarge, abridge, or modify
a legislatively granted right of appeal. Tex. Gov't Code Ann. § 22.108 (Vernon
Supp. 2004); Johnson v. State, 84 S.W.3d 658, 661 n.6 (Tex. Crim. App. 2002). 
Once a criminal defendant invokes our jurisdiction by filing a notice of appeal, we then
must determine how the appeal may proceed. Since January 1, 2003, we turn to the
CORTA, not the notice of appeal, to make that determination. However, criminal
defendants in Texas have rights to appeal that are neither specifically addressed in the
language of rule 25.2 nor reflected in the CORTA Form. See Carroll v. State,
119 S.W.3d 838, 840 (Tex. App.–San Antonio 2003, no pet.) (per curiam) (noting
that CORTA Form does not reflect right of defendant to appeal issues unrelated to
conviction following deferred adjudication of guilt). 
B. Historical Limitations Imposed on Criminal Appeals
by Former Rule 40(b)(1) and Former Rule 25.2(b)(3)

         For appeals commenced before January 1, 2003, the rules of appellate
procedure limited a defendant's right of appellate review following a plea entered in
a felony case pursuant to an agreed punishment recommendation if "the punishment
assessed did not exceed the punishment recommended by the prosecutor and agreed
to by the defendant." Tex. R. App. P. 25.2(b)(3) (amended effective January 1,
2003);


 Ramirez v. State, 89 S.W.3d 222, 225 (Tex. App.–Corpus Christi 2002, no
pet.). In that event, to comply with the extra-notice requirements of former
rule 25.2(b)(3), the notice of appeal must have: (1) specified that the appeal was for
a jurisdictional defect; (2) specified that the substance of the appeal was raised by
written motion and ruled on before trial; or (3) stated that the trial court granted
permission to appeal. Tex. R. App. P. 25.2(b)(3) (amended effective January 1,
2003);


 Ramirez, 89 S.W.3d at 225. This provision of former rule 25.2(b)(3) was
incorporated in part into current rule 25.2. Nonetheless, an "agreed punishment
recommendation" is still required before limitations on our review power apply. 

         An agreement between the State and a defendant may be a plea bargain without
having as one of its terms an agreed punishment recommendation that is followed by
the trial court. Ramirez, 89 S.W.3d at 225 n.4. Any concession by the State in
exchange for the defendant's guilty plea creates a plea bargain. Id. Only a plea
bargain that incorporates an agreed recommendation as to punishment and is accepted
by the court, however, triggers restrictions on our review power. Id. While
rule 25.2(a)(2) explains that a "plea bargain" includes an "agreed punishment
recommendation that the trial court followed," the CORTA Form does not differentiate
between "plea bargain" and "agreed punishment recommendation that the trial court
followed." 
 C. Historical Limitations on Appellate Review of Issues
Not Enumerated in Rule 25.2

1. Limitation on Appellate Review of Voluntariness Issue
         We have no power to review an appeal by a criminal defendant of issues
associated with the voluntariness of a felony plea entered pursuant to an agreed
punishment recommendation that the trial court followed. Cooper v. State,
45 S.W.3d 77, 81 (Tex. Crim. App. 2001). The court of criminal appeals reasoned:
Experience has shown us that most cases of involuntary pleas result from
circumstances that existed outside the record, such as
misunderstandings, erroneous information, impaired judgment, ineffective
assistance of counsel, and plea-bargains that were not followed or turn
out to be impossible of performance. The legislature reasonably
determined to eliminate a small number of meritorious appeals to prevent
a much larger number of meritless appeals.
 
This decision may be seen as even more reasonable when it is
remembered that meritorious claims of involuntary pleas may be raised
by other procedures: motion for new trial and habeas corpus. These
procedures are not only adequate to resolve claims of involuntary pleas,
but they are superior to appeal in that the claim may be supported by
information from sources broader than the appellate record.

Id. (footnote omitted). 
2. Limitation on Appellate Review of Ineffective-Assistance-of-Counsel Issues
         Current rule 25.2(a)(2) of the rules of appellate procedure – like former
rule 25.2(b)(3) and its predecessor, rule 40(b)(1) – limits a defendant's right of appeal
in plea-bargain cases. Carroll, 119 S.W.3d at 839. "In a plea bargain case – that is,
a case in which a defendant's plea was guilty or nolo contendere and the punishment
did not exceed the punishment recommended by the prosecutor and agreed to by the
defendant – a defendant may appeal only: (A) those matters that were raised by
written motion filed and ruled on before trial; or (B) after getting the trial court's
permission to appeal." Tex. R. App. P. 25.2(a)(2); see Cooper, 45 S.W.3d at 79
(interpreting former rule 25.2(b)(3) in the same way as former rule 40(b)(1), which
"forbade appeal in every plea-bargained, felony case unless one of two conditions was
met: the appellant had permission of the trial court, or the appeal was from a written,
pre-trial motion.");


 see also Davis v. State, 870 S.W.2d 43, 46 (Tex. Crim.
App. 1994) (interpreting former rule 40(b)(1) as prohibiting in plea-bargained cases
appeal of nonjurisdictional defects occurring after entry of plea).  
         Accordingly, the court of criminal appeals has instructed that "[t]he plain import
of [former rule 25.2(b)(3)] is that appeals from plea-bargain cases are limited to the
situations set forth in the rule." Woods v. State, 108 S.W.3d 314, 316 (Tex. Crim.
App. 2003). Like Chavez, Woods had pleaded guilty pursuant to an agreed
punishment recommendation. Id. at 315. The trial court sentenced him in accordance
with the plea agreement. Id. Woods filed a pro se general notice of appeal and a
motion to withdraw his guilty plea, challenging the competency finding that resulted
from a mental evaluation ordered by the trial court in response to his pre-trial motion
for an examination. Id. Appellate counsel appointed for Woods filed an amended
notice of appeal, alleging that the appeal was for jurisdictional defects and challenging
both the voluntariness of Woods's guilty plea and a written pre-trial order finding him
competent to stand trial. Id. Appellate counsel then filed an Anders brief and moved
to withdraw as counsel. Id. 
         As required, the court of appeals conducted an independent review of the record
in Woods. See Penson, 488 U.S. at 80. It concluded that an ineffective-assistance-of-counsel claim might be meritorious based on the fact that trial counsel did not
file a notice of intention to raise an insanity defense or request appointment
of a defense mental health expert. Woods, 108 S.W.3d at 315 (citing Woods v.
State, 59 S.W.3d 833 (Tex. App.–Texarkana 2001)). The court of appeals granted
the motion to withdraw, abated the appeal, and remanded the case for appointment
of new appellate counsel. Woods, 108 S.W.3d at 315. Not surprisingly, new
appellate counsel filed an appellate brief claiming that trial counsel was ineffective in
failing to either file notice of an insanity defense or request appointment of a defense
expert. Id. The court of appeals sustained the second issue. Id. The court of criminal
appeals reversed, holding that the extra-notice recitations in the notice of appeal
required by former rule 25.2(b)(3) must be true and supported by the record. 
Id. at 316. The court concluded: 
The plain import of the rule is that appeals from plea-bargain cases are
limited to the situations set forth in the rule. Consequently, a court of
appeals is not authorized to address points of error that do not fall within
one of the categories listed in [former] Rule 25.2(b)(3). While appellant's
amended notice of appeal makes at least one extra-notice allegation, lack
of jurisdiction, his brief does not raise a jurisdictional claim. The other
two allegations - voluntariness of the plea and appeal of a written pre-trial
order finding appellant competent - do not state grounds cognizable under
Rule 25.2(b)(3), but even if they did, the ineffective assistance claims
alleged in the brief do not fall within either of these categories. We
conclude that the Court of Appeals erred in considering appellant's
ineffective assistance allegations.

Id. at 82 [footnote omitted]. The court noted that it has held that plea-bargaining
defendants may not appeal the voluntariness of their pleas. Id. at n.6 (citing Cooper,
45 S.W.3d at 77). With regard to Woods's claims on appeal, the court of criminal
appeals reasoned:
As for the appeal of the trial court's written order finding appellant
competent, the notice does not allege that appellant's incompetency was
a matter raised by written motion and ruled upon before trial. And the
record would not substantiate such a recitation: appellant filed written
motions for psychiatric examinations and those motions were granted.
Whether appellant was actually competent to stand trial was ruled upon
by written order but was never advanced in a written motion. 

Woods, 108 S.W.3d at 316 n.6. As a consequence, the court remanded the case for
proceedings consistent with the opinion. Id. at 316. However, criminal defendants
in Texas enjoy certain rights of appeal that are neither enumerated in rule 25.2,
referenced in the CORTA Form, nor addressed in Woods. 
 D. Historical Rights of Appeal
Not Enumerated in Rule 25.2 or Referenced in the CORTA Form

 1. Appeal Following Revocation of Regular Community Supervision
         There are two kinds of community supervision. "Regular" community
supervision means placing a defendant under a continuum of programs and
sanctions for a specified period after conviction and sentencing, during which period
imposition of sentence is suspended in whole or in part. Tex. Code Crim. Proc. Ann.
art. 42.12, § 2(2) (Vernon Supp. 2004). "Deferred adjudication" community
supervision means placing a defendant under a continuum of programs and sanctions
for a specified period before adjudicating guilt and, consequently, before sentencing. 
Id. Beginning with the imposition of terms and conditions, regular and deferred
adjudication community supervision proceed in the same way through notice of
revocation, culminating in a revocation hearing. Tex. Code Crim. Proc. Ann.
art. 42.12, §§ 3, 5(b), 21, 23 (Vernon Supp. 2004). 
         An appeal from imposition of regular community supervision must be taken at
the time the trial court imposes the terms and conditions. Corley v. State,
782 S.W.2d 859, 860 (Tex. Crim. App. 1989). In a felony appeal concluded before
January 1, 2003, former rule 25.2(b)(3) required the defendant to file a particularized
notice of appeal when challenging the imposition of regular community supervision
pursuant to an agreed punishment recommendation that the trial court followed. See
Tex. R. App. P. 25.2(b)(3) (amended effective January 1, 2003)


; Manuel v. State,
994 S.W.2d 658, 661 (Tex. Crim. App. 1999) (and cited cases). 
         Similarly, a defendant also must have appealed the trial court's imposition
of deferred adjudication community supervision at the time it was ordered. Tex.
Code Crim. Proc. Ann. art. 44.01(j) (Vernon Supp. 2004); Nix v. State,
65 S.W.3d 664, 667 (Tex. Crim. App. 2001); Manuel, 994 S.W.2d at 661-62. 
As with an appeal from imposition of regular community supervision, former
rule 25.2(b)(3) required a felony defendant to file a particularized notice of appeal 
when challenging the imposition of deferred adjudication community supervision
pursuant to an agreed punishment recommendation that the trial court followed.


 
Woods v. State, 68 S.W.3d 667, 669 (Tex. Crim. App. 2002) (and cited cases). 
         Despite these limitations, however, section 23(b) of article 42.12 of
the code of criminal procedure affords a defendant an unrestricted right to
appeal from an order revoking regular community supervision, even if that
community supervision was the result of an agreed punishment recommendation. 
Tex. Code Crim. Proc. Ann. art. 42.12, § 23(b) (Vernon Supp. 2004); Feagin
v. State, 967 S.W.2d 417, 419 (Tex. Crim. App. 1998); Mitich v. State,
47 S.W.3d 137, 140 (Tex. App.–Corpus Christi 2001, no pet.). The restrictive
proviso of former rule 25.2(b)(3) did not apply to a pre-January 1, 2003 appeal
"attacking the propriety of orders revoking probation." See Feagin, 967 S.W.2d
at 419 (interpreting former rule 40(b)(1), which was amended and replaced in 1997
by former rule 25.2(b)(3)). A defendant appealing from revocation of regular
community supervision did not appeal from a judgment rendered on a plea of guilty or
nolo contendere under article 1.15 of the code of criminal procedure. See Tex. R. App.
P. 25.2(b) (amended effective January 1, 2003).


 A plea of true is not "a plea of
guilty or nolo contendere under article 1.15 of the code of criminal procedure." See
id. In such circumstances, the agreed punishment recommendation that the defendant
and the State entered into was complete when the trial judge originally placed the
defendant on community supervision, and section 23(b) of article 42.12 governs
appeals from revocation of regular community supervision, not former rule 25.2(b)(3). 
See Feagin, 967 S.W.2d at 419. Thus, an appeal concluded before January 1, 2003
proceeded without limitation on our power to review any errors raised by the appellant
with regard to a regular community supervision revocation proceeding, even a
revocation pursuant to an agreed punishment recommendation.


 See id.; see also
Mitich, 47 S.W.3d at 140. Neither rule 25.2(a)(2) nor the CORTA Form references the
right to appeal from revocation of community supervision. 
2. Appeal of Issues Unrelated to Conviction Following
Adjudication and Revocation of Deferred Adjudication Community Supervision

         The process for revoking deferred adjudication community supervision is the
same as revocation proceedings in regular community supervision cases. See Tex.
Code Crim. Proc. Ann. art. 42.12, §§ 5(b), 21, 23(a) (Vernon Supp. 2004). However,
the resemblance between deferred adjudication and regular community supervision
revocation proceedings ends there. The distinction arises from the trial court's deferral
of a finding of guilt when imposing deferred adjudication community supervision. See
Tex. Code Crim. Proc. Ann. art. 42.12 § 5(b) (Vernon Supp. 2004). Section 5(b) of
article 42.12 strictly limits appeal from the revocation of deferred adjudication
community supervision.  Id. The code of criminal procedure expressly denies a
defendant the right to appeal a trial court's adjudication decision:
On violation of a condition of community supervision imposed under
Subsection (a) of this section, the defendant may be arrested and
detained as provided in Section 21 of this article. The defendant is
entitled to a hearing limited to the determination by the court of whether
it proceeds with an adjudication of guilt on the original charge. No appeal
may be taken from this determination. After an adjudication of guilt, all
proceedings, including assessment of punishment, pronouncement of
sentence, granting of community supervision, and defendant's appeal
continue as if the adjudication of guilt had not been deferred. 
Id. (emphasis added). Thus, revocation of deferred adjudication
community supervision involves a component that proceedings revoking regular
community supervision do not: the adjudication decision. Issa v. State,
826 S.W.2d 159, 161 (Tex. Crim. App. 1992) (per curiam). Section 5(b) of
article 42.12 prohibits a defendant who has been adjudicated guilty of the original
charge from raising on appeal contentions of error in the adjudication decision. 
Connolly v. State, 983 S.W.2d 738, 741 (Tex. Crim. App. 1999). The court of
criminal appeals has made it clear, "given the plain meaning" of section 5(b) of
article 42.12, that an appellant whose deferred adjudication probation has been
revoked and who has been adjudicated guilty of the original charge may not raise on
appeal contentions of error in the adjudication-of-guilt process. Id. Included within the
term "adjudication-of-guilt process" are challenges to sufficiency of the notice
contained in the terms and conditions of deferred adjudication probation, adequacy of
the State's notice of violation, and sufficiency of the evidence to support the trial
court's revocation decision. See id. (and cited cases). 
         Further, for the purpose of applying former rule 25.2(b)(3), when a prosecutor
recommended deferred adjudication in exchange for a defendant's plea of guilty or
nolo contendere, the trial court did not exceed that recommendation if, on
proceeding to an adjudication of guilt, the court later assessed any punishment
within the range allowed by law. Vidaurri v. State, 49 S.W.3d 880, 885 (Tex. Crim.
App. 2001) (citing Watson v. State, 924 S.W.2d 711, 714 (Tex. Crim. App. 1996)).


 
Thus, former rule 25.2(b)(3) limited our review power over an appeal brought after an
adjudication of guilt by a defendant placed on deferred adjudication community
supervision pursuant to an agreed punishment recommendation. Tex. R. App.
P. 25.2(b)(3) (amended effective January 1, 2003); Tex. Code Crim. Proc. Ann.
art. 42.12 § 5(b) (Vernon Supp. 2004); Tex. Code Crim. Proc. Ann. art. 44.01(j)
(Vernon Supp. 2004); Woods, 68 S.W.3d at 669 (and cited cases). 
         However, the extra-notice requirements of former rule 25.2(b)(3) did not apply
to an appeal from a judgment adjudicating guilt when the issues raised by the appeal
were unrelated to the conviction. See Kirtley v. State, 56 S.W.3d 48, 51-52 (Tex.
Crim. App. 2001) (allowing appeal of issues related to punishment phase following
adjudication of guilt). Once the trial court adjudicates the guilt of a defendant on
deferred adjudication community supervision, the assessment of punishment, 
pronouncement of sentence, and the defendant's appeal continue as if the trial court
had no deferred the adjudication. Tex. Code Crim. Proc. Ann. art. 42.12, § 5(b)
(Vernon Supp. 2004). Thus, a defendant may appeal from a judgment adjudicating
guilt when the issues raised by the appeal relate not to the adjudication decision but
to the punishment phase. See id.; see also Kirtley, 56 S.W.3d at 51-52 (addressing
claim of ineffective assistance of counsel at punishment phase following adjudication
of guilt). Consequently, a defendant was not required to comply with the extra-notice provisions of former rule 25.2(b)(3) to challenge issues unrelated to
the conviction, including asserted punishment errors. Vidaurri, 49 S.W.3d at 883;
Carroll, 119 S.W.3d at 839; see May v. State, 106 S.W.3d 375, 376 n.4 (Tex.
App.–Corpus Christi 2003, no pet.) (applying Vidaurri to appeal commenced after
January 1, 2003 to hold requirements of current rule 25.2(a)(2) inapplicable to claim
of error in misapplication of mandatory sentencing statute). Neither rule 25.2(a)(2) nor
the CORTA Form references an adjudicated defendant's right to appeal issues
unrelated to the conviction following the adjudication of guilt. 
3. Appeal of Jurisdictional Defects
         Rule 25.2 omits any reference to a plea-bargaining defendant's right to appeal
jurisdictional defects, a right both former rule 40(b)(1) and former rule 25.2(b)(3)
expressly recognized, although with different language.


 See Tex. R. App.
P. 25.2(a)(2). However, "both bargaining and non-bargaining defendants can appeal
jurisdictional issues." Monreal v. State, 99 S.W.3d 615, 620 (Tex. Crim. App. 2003). 
Neither rule 25.2(a)(2) nor the CORTA Form references every defendant's right on
appeal to challenge the trial court's jurisdiction. 
4. Appeal of Illegality of Unauthorized Sentence
         A sentence outside the maximum or minimum range of punishment is
unauthorized by law and therefore illegal. Perez v. State, 129 S.W.3d 282, 289 (Tex.
App.–Corpus Christi 2004, no pet. h.) (citing Mizell v. State, 119 S.W.3d 804, 806
(Tex. Crim. App. 2003)). Unlike most trial errors, which are forfeited if not timely
asserted, a party is not required to make a contemporaneous objection to the
imposition of an illegal sentence. Perez, 129 S.W.3d at 289 (citing Mizell,
119 S.W.3d at 806 n.6). Thus, an appellate court that otherwise has jurisdiction over
a criminal conviction may always notice and correct an illegal sentence. Mizell,
119 S.W.3d at 806. Neither rule 25.2(a)(2) nor the CORTA Form references a plea-bargaining defendant's right to appeal the legality of an unauthorized sentence. 
E. Scope of Independent Review Power
         Accordingly, given that appellate rule 25.2 must not "abridge, enlarge, or
modify" the substantive rights of a defendant, rule 25.2's certification requirement
must not extinguish limited rights to appeal previously recognized under the law. 
Concomitantly, the scope of our independent Anders review is not confined by the
express terms of either rule 25.2 or the CORTA Form. Rather, our independent review
also encompasses other arguable issues not recognized by either rule 25.2 or the
CORTA Form.
         In reaching this conclusion, we reiterate that we recognize that the court of
criminal appeals has instructed us that "[t]he plain import of [former rule 25.2(b)(3)]
is that appeals from plea bargain cases are limited to the situations set forth in the
rule. Consequently, a court of appeals is not authorized to address points of error that
do not fall within one of the categories listed in [former rule 25.2(b)(3)]." Woods,
108 S.W.3d at 316. However, Woods neither overruled nor addressed substantive
exceptions to former rule 25.2 embodied in precedent issued by the court of criminal
appeals. Moreover, Woods concerned the extra-notice recitations for the notice of
appeal explicitly required by former rule 25.2(b)(3).


 The issues we now must
address concern rights of appeal identified on the CORTA Form as well as in the
language of rule 25.2. As discussed above, the CORTA Form excludes certain limited
rights to appeal that plea-bargaining defendants continue to enjoy in Texas. We
conclude that the court of criminal appeals did not intend its suggested CORTA Form
to abridge a criminal defendant's substantive rights. Accordingly, we hold that the
scope of our independent review under Anders is not confined by the terms of either
rule 25.2 or the CORTA Form. Rather, the scope of our independent review includes
any arguable grounds that might support an appeal, which by definition includes
limited rights to appeal previously recognized by law. 
         We conclude that the Texas Court of Criminal Appeals has authorized us in
appeals following negotiated guilty pleas to address issues that assert: (1) errors in
regular community supervision revocation proceedings; (2) errors unrelated to the
conviction following adjudication and revocation of deferred adjudication community
supervision; (3) jurisdictional defects; (4) matters raised by written motion ruled on
before trial; (5) matters for which the trial court has granted permission to appeal; and
(6) the legality of the sentence imposed as unauthorized. See Feagin, 967 S.W.2d
at 419 (revocation of regular community supervision); see also Kirtley, 56 S.W.3d
at 51-52 (errors unrelated to conviction following deferred adjudication of
guilt); Monreal, 99 S.W.3d at 620 (jurisdictional defects); Woods, 108 S.W.3d
at 316 (matters raised by pre-trial motions; permissive appeals); Mizell, 119 S.W.3d
at 806 (legality of unauthorized sentence). 
         Accordingly, we also hold that our independent review of the record under
Anders and Penson in an appeal following a guilty plea first must determine whether
the plea was entered pursuant to an agreed punishment recommendation that the trial
court followed. See, e.g., Perez, 129 S.W.3d at 286. If the appeal is from a
negotiated guilty plea, we hold that the scope of our duty under Anders and Penson
to review the record independently requires us to examine the record: (1) in an appeal
following revocation of regular community supervision, for any error in the revocation
proceeding; (2) in an appeal following a deferred adjudication of guilt, for errors
unrelated to the conviction; (3) for jurisdictional defects in all cases; (4) for matters
raised by written motion ruled on before trial in all cases; (5) for all matters the trial
court has granted permission to appeal; and (6) in all cases, the legality of the
sentence imposed as authorized by law. See Perez, 129 S.W.3d at 288 (finding that
independent review of record in Anders appeal following guilty plea entered without
benefit of punishment recommendation includes: (1) potential jurisdictional defects;
(2) voluntariness of plea; (3) error that is not independent of and supports judgment
of guilt; and (4) potential error occurring after guilty plea).


 
F. Compliance in Substance as Well as Form
         Finally, we hold that our duty to review the record independently in Anders
cases requires us to determine that the record substantiates that the defendant has
no right of appeal if the trial court's CORTA so reflects.


 It was not enough
that the form of a notice of appeal filed before January 1, 2003 comply
with the extra-notice requirements of former rule 25.2(b)(3). Flores v. State,
43 S.W.3d 628, 629 (Tex. App.–Houston [1st Dist.] 2001, no pet.); Sherman v.
State, 12 S.W.3d 489, 492 (Tex. App.–Dallas 1999, no pet.). The record must
have substantiated the specific allegations in the notice of appeal. See Woods,
108 S.W.3d at 316 (requiring that record substantiate extra-notice provisions of
former rule 25.2(b)(3)); see also Flores, 43 S.W.3d at 629; Betz v. State,
36 S.W.3d 227, 228 (Tex. App.–Houston [14th Dist.] 2001, no pet.). Thus,
the record must have substantiated a lack of jurisdiction in the trial court if an
appellant specified in the notice of appeal pursuant to former rule 25.2(b)(3) that
the appeal was for jurisdictional defects. Woods, 108 S.W.3d at 314; Betz,
36 S.W.3d at 228. Similarly, the record must have contained written motions
ruled on before trial if an appellant specified in the notice of appeal that the appeal
was pursuant to former rule 25.2(b)(3)(B), and it must have substantiated that the trial
court had given permission to appeal if the notice reflected that the appeal was
pursuant to former rule 25.2(b)(3)(C). Betz, 36 S.W.3d at 228.  
         Thus, we also hold that each record in Anders cases now must substantiate the
specific grounds for appeal identified in the CORTA as well as substantiate any
certification that the appellant has no right of appeal. See Waters v. State,
124 S.W.3d 825, 826 (Tex. App.–Houston [14th Dist.] 2003, no pet.) ("Despite the
trial court's certification [that the appellant had the right to appeal], we believe the
Rule 25.2 requirements recited in a certification must be true and supported by the
record."). With our duty under Anders and Penson firmly in mind, we turn to our
disposition of these appeals. 

III. DISPOSITION
A. Anders Brief
         Chavez's court-appointed appellate counsel has certified that: (1) he diligently
reviewed the records for reversible error; (2) in his opinion, the appeals are without
merit; (3) he served a copy of the brief on Chavez and informed him of his right to
review the records; and (4) he informed Chavez of his right to file a pro se brief on his
own behalf. See id.; see also High v. State, 573 S.W.2d 807, 813 (Tex. Crim. App.
[Panel Op.] 1978); McMahon v. State, 529 S.W.2d 771, 772 (Tex. Crim. App. 1975);
Johnson v. State, 885 S.W.2d 641, 646 (Tex. App.–Waco 1994, pet. ref'd) (per
curiam). Pursuant to our order, counsel also provided Chavez copies of the records. 
         An Anders brief must provide references to both legal precedent and pages
in the record to demonstrate why there are no arguable grounds to be advanced. 
High, 573 S.W.2d at 812. Counsel's brief advances the ineffectiveness of trial
counsel as an arguable issue. Counsel also professionally evaluates the records
and demonstrates why this arguable issue is without merit. See Currie v. State,
516 S.W.2d 684, 684 (Tex. Crim. App. 1974). With relevant citation to legal
precedent and the records, counsel professionally evaluates the pre-trial proceedings,
the admonishments in the record, and the plea proceedings. We do not interpret
Anders as requiring appointed counsel to make arguments counsel would not
consider worthy of inclusion in a brief for a paying client or to urge reversal if, in
fact, counsel finds no arguable issue to appeal. See id. We hold that counsel's
brief is not the "conclusory statement" decried by Anders. See id. 
         We turn to our independent review of the record. See Penson, 488 U.S. at 80;
see also Ybarra v. State, 93 S.W.3d 922, 926 (Tex. App.–Corpus Christi 2002, no
pet.). We note that Chavez does not appeal from a revocation proceeding or from a
deferred adjudication of guilt. 
B. Independent Review of Record
         Our review of the record reveals that the "plea bargains" in these cases
incorporated agreed punishment caps of thirty years in both cases and were accepted
by the trial court. The agreements were recommendations as to punishment and, on
acceptance by the trial court, triggered the restrictions on our review power contained
in rule 25.2(a)(2). See Tex. R. App. P. 25.2(a)(2); see also Perez, 129 S.W.3d
at 286-87(discussing characteristics of agreed punishment recommendations). 
1. Jurisdictional Defects
         On reviewing the indictments in both cases, we find that each conferred
jurisdiction on the trial court. See Monreal, 99 S.W.3d at 620. We find no reversible
jurisdictional error. Accordingly, the records in these cases do not support exercise of
our limited review power with regard to jurisdictional defects. 
2. Pre-Trial Motions and Rulings
         We note that Chavez filed pre-trial motions in each case. However, no order or
ruling, either explicit or implicit, appears in the record. We also note that the trial court
accepted Chavez's guilty pleas on January 13, 2002 and found him guilty in both
cases. In addition to pre-trial discovery motions and motions to suppress evidence
filed by trial counsel before the plea proceedings, Chavez filed on January 24, 2003
a pro se motion to withdraw his plea to the murder charge, claiming denial of access
to the consulate of his native country. At sentencing on February 18, 2003, trial
counsel announced, "[He] has made me aware that he is not wanting to withdraw his
plea, he just wants the Court to consider what happened and what the events that led
up to this murder, and Your Honor's decision on what punishment to set." The trial
court ruled that it would not allow Chavez to withdraw his plea, then pronounced
sentence in both cases within the agreed caps. Chavez's motion to withdraw his plea
in the murder case, coming as it did after the trial court accepted his guilty pleas but
before sentencing, is not a "written motion filed and ruled on before trial." See Tex.
R. App. P. 25.2(a)(2)(A); see also Zapata v. State, 121 S.W.3d 66, 70 (Tex. App.–San
Antonio 2003, pet. ref'd) ("A motion to withdraw filed after the plea has been entered
does not affect the defendant's agreement regarding the recommended punishment
or the applicability of [former rule 25.2(b)(3)]."). Accordingly, the records in these
cases do not support exercise of our limited power to review "matters raised by
written motion filed and ruled on before trial." See Tex. R. App. P. 25.2(a)(2)(A). 
3. Permissive Appeal
         The records do not reflect that the trial court gave Chavez permission to appeal
in either case. See Tex. R. App. P. 25.2(a)(2)(B). To the contrary, the trial court's
certifications state that Chavez has no right of appeal. Accordingly, the records in
these cases do not support exercise of our limited power to review matters that
Chavez had the trial court's permission to appeal. See Tex. R. App. P. 25.2(a)(2)(B). 
                                          4. Legality of Sentence
         The concurrent thirty-year sentences imposed in both cases are within the range
allowed by law for first-degree felonies and are not illegal.


 See Mizell, 119 S.W.3d
at 806. Accordingly, the records in these cases do not support exercise of our limited
power to review an illegal sentence. 
5. Waiver by Guilty Plea
         Anders counsel has raised an arguable claim of ineffective assistance of counsel,
and Chavez has asserted that his pleas were involuntary. However, Chavez waived
in each case any appeal based on the ineffective assistance of counsel or
the voluntariness of his plea when he pleaded guilty to a felony pursuant to an
agreed punishment recommendation. See Woods, 108 S.W.3d at 316. The
proper vehicle for ineffectiveness and voluntariness issues is a collateral attack
that permits the development of facts concerning the claims. Jackson v. State,
877 S.W.2d 768, 773 (Tex. Crim. App. 1994).


 
         After independently reviewing the records to determine if they presents any
grounds for appeal, we conclude that Chavez's appeals are frivolous and without
merit. The records do not substantiate that Chavez has any right of appeal in either
case. See Woods, 108 S.W.3d at 316. It follows, therefore, that the records do not,
and cannot, contain CORTAs showing that Chavez has the right of appeal in these
cases. See Tex. R. App. P. 25.2(d). No amendment or supplementation of the
CORTAs is required to accurately reflect Chavez's right of appeal. See Tex. R. App.
P. 25.2(f), 37.1. Accordingly, we dismiss these appeals. See Tex. R. App. P. 25.2(d). 
 C. Motion to Withdraw
         An appellate court may grant counsel's motion to withdraw filed in connection
with an Anders brief. Moore v. State, 466 S.W.2d 289, 291 n.1 (Tex. Crim.
App. 1971); see Stafford v. State, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991) 
(noting that Anders brief should be filed with request for withdrawal from case). 
Counsel in these cases has not requested to withdraw from further representation of
Chavez on appeal. If counsel wishes to file a motion to withdraw, he must file the
motion no later than fifteen days from the date of this opinion. 
         We order counsel to advise Chavez promptly of the disposition of this case and
the availability of discretionary review. See Ex parte Wilson, 956 S.W.2d 25, 27 (Tex.
Crim. App. 1997). 
                                                                        ERRLINDA CASTILLO
Publish                                                              Justice
Tex. R. App. P. 47.2(b).
Opinion delivered and filed
this 10th day of June, 2004.